This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                          **NO. 29,637**

**MICHAEL ALVAREZ,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Carl J. Butkus, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Santa Fe, NM
Josephine H. Ford, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**WECHSLER, Judge.**

Defendant appeals his convictions for driving while intoxicated and obstructing traffic. We proposed to affirm. Defendant has timely responded. We have considered his arguments and not being persuaded, we affirm.

On appeal, Defendant argues that there was insufficient evidence to support his conviction for driving while intoxicated. [MIO 1] In particular, he argues that under the totality of the evidence, it was insufficient to show beyond a reasonable doubt that the breath sample taken by the arresting officer was not contaminated and that the Intoxilyzer was accurate on the date of the test. [MIO 9]

In our notice, we pointed out that Defendant's basis for the argument that the sample was contaminated was conflicting testimony regarding whether or not a clean mouthpiece was put on the machine. [CN 2-3] Defendant recognizes that conflicts in the evidence are for the factfinder to resolve. [MIO 10] *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 (filed 1998) (stating that contrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject Defendant's version of the facts). Defendant does not indicate why it was error for the district court to believe the police officer rather than him on this issue. [MIO 10] The district court resolved the conflict by believing that the officer put a new mouthpiece on the machine. Defendant has not convinced us that such a

finding was erroneous.

With regard to the accuracy of the Intoxilyzer, our notice proposed to conclude that the district court had enough information regarding the machine to admit the test. [CN 3] Defendant continues to argue that the officer did not testify about running air blanks, calibration checks, or temperature checks and that those failures affected the accuracy of the test. [MIO 10] We conclude that the officer's testimony regarding checking for SLD certification, checking calibration logs, and the machine's self-diagnostic check were sufficient without more to admit the results of the test into evidence. *Cf. State v. Onsurez*, 2002-NMCA-082, ¶ 10, 132 N.M. 485, 51 P.3d 528.

Because the results of the breath test were properly admitted and the test indicated that Defendant's blood alcohol level was .09, there was sufficient evidence to support Defendant's conviction of per se DWI. NMSA 1978, § 66-8-102(C) (2008).

In our notice, although it was not clear whether Defendant was convicted under this section, we also reviewed the evidence that would have supported a conviction pursuant to NMSA 1978, Section 66-8-102(A) (2008). [CN 3-4] Defendant does not specifically attack that analysis. *See State v. Johnson*, 107 N.M. 356, 358, 758 P.2d 306, 308 (Ct. App. 1988) (holding that issues are deemed abandoned when a party

fails to respond to the proposed disposition in the notice).

For the reasons set forth herein and in our calendar notice, we affirm Defendant's conviction.

**IT IS SO ORDERED**.

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Chief Judge**

_____
**TIMOTHY L. GARCIA, Judge**