This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

     Plaintiff-Appellee,

v.                             **NO. 31,034**

**ANTHONY DIAZ,**

     Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Stephen Bridgforth, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Acting Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Judge.**

     Defendant appeals his conviction for aggravated driving while intoxicated. In this Court's notice of proposed summary disposition, we proposed to affirm.

Defendant has filed a memorandum in opposition, which we have duly considered. As we are not persuaded by Defendant's arguments, we affirm.

In this Court's notice of proposed summary disposition, we proposed to conclude that there was substantial evidence that Defendant had driven a motor vehicle to the location of his encounter with the police while impaired to the slightest degree by alcohol. Because we proposed to conclude that there was sufficient evidence of past driving, we did not reach the question of whether there was sufficient evidence of "actual physical control" of the vehicle with a general intent to drive in the future. *See State v. Sims*, 2010-NMSC-027, ¶ 24, 148 N.M. 330, 236 P.3d 642 (stating that NMSA 1978, Section 66-8-102(A) (2008) prohibits either "driving" while intoxicated or being "in actual physical control" while intoxicated, and that "actual physical control" requires not only control over the vehicle, but also a general intent to drive so as to endanger any person); *State v. Mailman*, 2010-NMSC-036, ¶ 28, 148 N.M. 702, 242 P.3d 269 ("Actual physical control is not necessary to prove DWI unless there are no witnesses to the vehicle's motion *and insufficient circumstantial evidence to infer that the accused actually drove while intoxicated*.").

In Defendant's memorandum in opposition, he cursorily dismisses our proposed conclusion that there was sufficient evidence of past driving while intoxicated, and devotes the majority of his argument to the question of actual physical control. He

seems to base his argument on the fact that there was no direct evidence of past driving while intoxicated such as an outright admission by Defendant or direct observation by the officers [MIO 5, 7, 8], but he does not explain why the evidence we proposed to rely on in our notice was insufficient circumstantial evidence upon which the district court could have found that Defendant drove to the scene of his encounter with the police while impaired to the slightest degree. Because Defendant has failed to respond to the portion of our proposed analysis regarding past driving, he is unable to persuade us that our proposal is in error. *See State v. Johnson*, 107 N.M. 356, 358, 758 P.2d 306, 308 (Ct. App. 1988) (stating that an issue is deemed abandoned when a party fails to respond to this Court's notice of proposed summary disposition of that issue).

Although Defendant does not directly address this Court's proposed analysis regarding the circumstantial evidence of past driving, we point out that in our notice, we stated that when the police were called to the home of Defendant's wife's sister, Defendant was in the driver's seat of his parked vehicle, suggesting that he had been driving recently. [DS 5] In Defendant's memorandum in opposition, he argues that the evidence demonstrated that Defendant was not in the vehicle when the police arrived. [MIO 5, 7, 8, 9] The docketing statement is unclear on this point, as Defendant was inside of and outside of the vehicle at different times during the

encounter with police and different officers testified differently depending on when they arrived at the scene. The docketing statement does not make clear which officer was the first to arrive. To the degree that there was any ambiguity in the evidence at trial about whether Defendant was or was not found in his vehicle when the police initially arrived, this Court leaves the resolution of such ambiguities to the fact finder. *See State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176 ("In reviewing the sufficiency of the evidence, we must view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict."). However, even if the evidence was clear that Defendant was not found in the vehicle, that would not alter our conclusion that there was sufficient evidence that he drove while impaired to the slightest degree, in light of Defendant's admission that he drove to the scene of his encounter with the police, and the circumstantial evidence—including the parking violation, the unopened beer bottles, and the evidence regarding Defendant's appearance, smell, and behavior during the police encounter—that would support an inference that he was already impaired to the slightest degree when he did so.

Therefore, for the reasons stated in this opinion and in our notice of proposed summary disposition, we affirm.

**IT IS SO ORDERED.**

4

_____

**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____

**JAMES J. WECHSLER,  Judge**

_____

**MICHAEL D. BUSTAMANTE, Judge**