This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                **NO. 32,699**

**WOODROW CRUMBO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO  COUNTY**
**Ted Baca, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Vicki W. Zelle, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**WECHSLER, Judge.**

{1} Defendant, Woodrow Crumbo, appeals from the district court's judgment affirming Defendant's conviction for driving while intoxicated (DWI) in an on-record appeal from metropolitan court. **[DS 1, RP 88]** We issued a notice proposing to summarily affirm, and Defendant filed a memorandum in opposition. We remain unpersuaded by Defendant's arguments and affirm.

**BACKGROUND**

{2} On April 23, 2009, Defendant was stopped at a DWI checkpoint at 3200 Broadway SE in Albuquerque. **[DS 1, RP 8]** He was arrested and charged by criminal complaint with DWI, no insurance, and expired registration. **[DS 8, RP 60]** At the beginning of Defendant's trial, the metropolitan court heard testimony and argument regarding the constitutionality of the checkpoint. Deputy Lance Longhi, the designated checkpoint supervisor, testified, but Sergeant Torres, who was also involved in the checkpoint at a supervisory level, did not testify. **[RP 60]** The metropolitan court ruled the checkpoint was constitutional pursuant to *City of Las Cruces v. Betancourt*, 105 N.M. 655, 657, 735 P.2d 1161, 1163 (Ct. App. 1987). **[RP 65]** Defendant then entered a conditional plea of guilty to DWI, a first offense, reserving his right to appeal the constitutionality of the checkpoint. **[RP 41, 43]** Defendant appealed to the district court. **[RP 1, 52]**

{3} In the district court, Defendant argued his conviction should be reversed

2

because: (1) his right to confrontation was violated because he was not able to question Sergeant Torres regarding his role in the DWI checkpoint; and (2) the evidence presented in the metropolitan court did not establish that the location of the DWI checkpoint was reasonable. **[RP 60, 79]** The district court issued a thorough and well-reasoned opinion affirming the metropolitan court's ruling. **[RP 79]** With respect to Defendant's first issue, the district court held that Defendant was not entitled to relief because the right to confrontation does not extend to suppression hearings pursuant to *State v. Rivera*, 2008-NMSC-056, ¶ 1, 144 N.M. 836, 192 P.3d 1213. **[RP 83]** With respect to Defendant's second issue, the district court held that Defendant was not entitled to relief because the DWI checkpoint was reasonable and constitutional. **[RP 84]** Defendant appeals from the district court's judgment affirming his conviction. **[RP 88]**

**DISCUSSION**

{4}    In our notice, we proposed to affirm the district court's ruling that the DWI checkpoint was reasonable and constitutional and that Defendant's right to confrontation was not violated in the metropolitan court because the right to confrontation does not extend to suppression hearings. In his memorandum in opposition, Defendant continues to challenge the constitutionality of the DWI checkpoint. **[MIO 1, 7]** He does not address our proposed affirmance with respect

3

to the confrontation issue, and we thus consider this issue abandoned. *See State v. Johnson*, 107 N.M. 356, 358, 758 P.2d 306, 308 (Ct. App.1988) (noting an issue is deemed abandoned when a party fails to respond to our proposed disposition with respect to the issue).

{5} In *Betancourt*, this Court presented eight factors that courts are to consider in determining whether a checkpoint is reasonable: (1) role of supervisory personnel; (2) restrictions on discretion of field officers; (3) safety; (4) reasonable location; (5) time and duration; (6) indicia of official nature of the checkpoint; (7) length and nature of detention; and (8) advance publicity. 105 N.M. at 658-59, 735 P.2d at 1164-65; *see also State v. Madalena*, 121 N.M. 63, 69, 908 P.2d 756, 762 (Ct. App. 1995) (holding "a sobriety checkpoint conducted in substantial compliance with the eight *Betancourt* factors is constitutional under the New Mexico Constitution").

{6} "In determining the reasonableness of a roadblock, all the factors must be considered, and none is dispositive but the role of supervisory personnel and the restrictions on discretion of field officers." *State v. Bates*, 120 N.M. 457, 463, 902 P.2d 1060, 1066 (Ct. App. 1995). "The ultimate question [on appeal] is whether the facts and inferences before the trial court support its conclusion that the roadblock was reasonable." *Id.* at 462, 902 P.2d at 1065. In considering this question, we "review the evidence presented, giving deference to the facts found by the trial court, and then

4

determine whether those facts are legally sufficient to make the roadblock reasonable." *Id.*

{7}     Defendant does not challenge the location of the checkpoint; nor does he contend that the media failed to receive advance notice of the checkpoint. Instead, he argues only that Deputy Longhi gave conflicting testimony about his role in determining the location of the checkpoint and faxing the media release. **[MIO 1, 7, 11]** The district court found that "[t]he officers in the field exercised no discretion related to the selection of the checkpoint location, and Deputy Longhi's testimony sufficiently outlined legitimate bases for the site selection, taking into account previous alcohol-related incidents and arrests in the area." **[RP 86-87]** Considering all the *Betancourt* factors, we agree with the district court's conclusion that the checkpoint was reasonable and constitutional.

**CONCLUSION**

{8}     For the reasons discussed above and in our previous notice, we affirm Defendant's conviction for DWI.

{9}     **IT IS SO ORDERED**

_____
**JAMES J. WECHSLER, Judge**

5

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**TIMOTHY L. GARCIA, Judge**