This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**AVALLONE MECHANICAL COMPANY**
**and MICHAEL AVALLONE,**

Plaintiffs-Appellants,

v. NO. 33,340

**CITY OF LAS CRUCES,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Darren M. Kugler, District Judge**

Elliott A. Mohler
Las Cruces, NM

for Appellants

William R. Babington, Jr.
Deputy City Attorney
Las Cruces, NM

for Appellee

**MEMORANDUM OPINION**

**ZAMORA, Judge.**

{1} Plaintiffs appeal from the district court's order granting the City of Las Cruces' (the City's) motion to dismiss Plaintiffs' complaint for failure to state a claim upon which relief may be granted. We issued a notice proposing to affirm. Plaintiffs have filed a memorandum in opposition to our notice, and the City has filed a memorandum in support. Having considered the parties' responses, we hold that Plaintiffs have not demonstrated that the district court erred by dismissing their complaint. We affirm.

{2} On appeal, Plaintiffs argue: (1) the district court erred by ruling that Plaintiffs are precluded from relitigating their constitutional claims about the City's red light camera ordinance (hereinafter "STOP ordinance"); (2) the STOP ordinance is unconstitutional; and (3) the district court erred by awarding attorney fees. [DS 3-7] Our notice proposed to affirm the district court under the doctrine of "right for any reason," proposing to hold that Plaintiffs' constitutional claims are barred by issue preclusion based on the Third Judicial District Court's memorandum order filed on January 4, 2012. Our notice, therefore, did not address the merits of Plaintiffs' constitutional claims in their second issue. Lastly, our notice proposed to hold that there was no basis for us to reverse the award of attorney fees, because the district court's order awarded costs, and Plaintiffs did not did not file objections to the City's cost bill, which included attorney fees, contrary to the procedures set forth in the rules of civil procedure and local rules.

**{3}** In response to our notice, Plaintiffs pursue only their first issue regarding the dismissal of their complaint. Therefore, the second and third issues are deemed abandoned. *See State v. Johnson*, 1988-NMCA-029, ¶ 8, 107 N.M. 356, 758 P.2d 306 (holding that when a case is decided on the summary calendar, an issue is deemed abandoned where a party fails to respond to the proposed disposition of that issue).

**{4}** With regard to the preclusive effect of the Third Judicial District Court's order, we noted that Plaintiffs' constitutional arguments have been unclear and have undergone various iterations throughout the proceedings in the different courts. Using a broad iteration of Plaintiffs' arguments, we explained in fair detail how the Third Judicial District Court's order actually and necessarily decided their constitutional issues. We informed Plaintiffs that in order to persuade this Court that their issues were not precluded they needed to explain plainly and specifically: (1) how their current issues differ from previous ones; and (2) why the Third Judicial District Court's memorandum opinion has not resolved their current issues. We warned Plaintiffs that obfuscation and embellishment of their claims would not prevail at this late date over the preclusive purpose of our estoppel doctrine – to "promote[] judicial economy and protect[] parties from endless relitigation." *Deflon v. Sawyers*, 2006-NMSC-025, ¶ 13, 139 N.M. 637, 137 P.3d 577.

**{5}** Plaintiffs' memorandum in opposition is not responsive to our warning or our proposed analysis of the Third Judicial District Court opinion and does not sufficiently explain why reliance on *Titus v. City of Albuquerque*, 2011-NMCA-038, ¶¶ 38-43, 149 N.M. 556, 252 P.3d 780, is misplaced. [DS 14] After Plaintiffs set forth a rambling history of this case [DS 1-8], they conclusively assert that their claim that the ordinance was unconstitutional was different than the claims the Third Judicial District Court decided and was not determined. [DS 9] Thus, in our view, Plaintiffs do not plainly and specifically explain *how and why* they believe their constitutional issues were not actually and necessarily rejected with reference to their previous arguments in the record.

**{6}** Plaintiffs specifically address the language of the Third Judicial District Court's order only to challenge its statement that the admission of the electronic evidence did not give rise to a constitutional issue. [DS 6] Plaintiffs contend that because it was not a constitutional issue for the court, the issue is not precluded. [DS 6] We disagree. As we stated in our notice, the memorandum opinion stated that the "ordinance was civil remedial legislation and not criminal in nature," and therefore, the constitutional provisions dealing with the rights of the accused in criminal proceedings do not apply. [RP 25] Plaintiffs' remaining constitutional claims involved due process, and the memorandum opinion rejected them under *Titus*, 2011-NMCA-038, ¶¶ 38-43. [RP 25-

4

26] The Third Judicial District Court further determined that if the Legislature had not imposed a condition on the authority of a municipality to enact a STOP ordinance requiring the rules of evidence and procedure to apply, procedural due process may not require them to apply. [RP 27]

{7}     As indicated above, Plaintiffs do not plainly and specifically explain why our proposed analysis of the memorandum order was incorrect. It appears to us that Plaintiffs believe that because the Third Judicial District Court did not decide the case as they saw fit, its memorandum order has no preclusive effect on them. The law of preclusion does not accommodate such a view. We believe that Plaintiffs' constitutional claims were explicitly and implicitly rejected, and they have not persuaded us otherwise. We hold that their current claims are barred by issue preclusion.

{8}     For the reasons stated in this opinion and in our notice, we affirm.

{9}     **IT IS SO ORDERED.**

_____
**M. MONICA ZAMORA, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

5

_____

**CYNTHIA A. FRY, Judge**