H. *Brickman, Assistant District Attorneys*, for appellee.

## A92A2314. WARREN v. THE STATE.
(427 SE2d 45)

McMurray, Presiding Judge.

Defendant Warren was indicted for possession of more than one ounce of marijuana. The evidence adduced at a jury trial reveals the following: After arriving at Atlanta Airport on a flight from Jamaica on September 4, 1991, Tina Rochelle Brown attempted to sneak a cooler containing over six pounds of marijuana through U. S. Customs. However, Inspector Carolyn Baxley Watson with the U. S. Customs Service found the marijuana and Brown informed Inspector Watson that the cooler "was given to her by a man on the flight [and that] his name was Warren." Another U. S. Customs officer discovered that defendant Warren was a passenger on Brown's flight and that defendant Warren's roundtrip flight itinerary matched Brown's roundtrip flight itinerary, i.e., Chicago to Jamaica via Atlanta and Jamaica to Chicago via Atlanta. Defendant Warren later "made a voluntary statement that he would have cooperated with [U. S. Customs Agents] had [they] talked to him first instead of talking to that girl first."

Defendant was found guilty of the crime charged. This appeal followed. *Held*:

In his sole enumeration, defendant challenges the sufficiency of the evidence.

At trial, Brown testified that defendant was not a close friend but that she and her child traveled to Jamaica with defendant because of his promise to pay for their trip. Brown explained that defendant paid for the trip; that defendant instructed her not to talk, sit or be seen with him during the flights to and from Jamaica and that defendant gave her the marijuana-laden cooler before arriving at Atlanta Airport. Defendant argues that this uncorroborated testimony is insufficient to support his conviction.

" 'In Georgia, a defendant may not be convicted on the uncorroborated testimony of an accomplice. OCGA § 24-4-8 (Code Ann. § 38-121). The corroboration must be independent of the accomplice's testimony and it must connect the defendant to the crime or lead to the inference that he is guilty. *Allen v. State*, 215 Ga. 455 (111 SE2d 70) (1959). "However, the corroborating evidence need not of itself be sufficient to warrant a conviction of the crime charged. (Cit.) Slight evidence from an extraneous source identifying the accused as a participant in the criminal act is sufficient corroboration of the accomplice to support the verdict. (Cit.)" *Reaves v. State*, 242 Ga. 542, 543

(250 SE2d 376) (1978).' *Castell v. State*, 250 Ga. 776, 778 (1 c), 780 (301 SE2d 234)." *Brown v. State*, 199 Ga. App. 18, 21 (4) (404 SE2d 154).

In the case sub judice, U. S. Customs Inspector Watson testified that it was common for drug smugglers to use innocent looking people to carry contraband into the United States and that smugglers often follow their drug couriers on the same flight. Special Agent Stanley Ward with U. S. Customs Service testified that defendant's flight itinerary was identical to Brown's flight itinerary and that defendant "made a voluntary statement that he would have cooperated with [U. S. Customs Agents] had [they] talked to him first instead of talking to that girl first." This evidence sufficiently corroborated Brown's testimony, independently identifying defendant as a participant in the criminal act charged. Further, the evidence was sufficient to sustain the jury's finding that defendant is guilty, beyond a reasonable doubt, of possession of more than one ounce of marijuana. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Cooper and Blackburn, JJ., concur.*

DECIDED JANUARY 8, 1993.

*Billy J. Dixon*, for appellant.

*Robert E. Keller, District Attorney, Deborah N. Maron, Assistant District Attorney*, for appellee.