This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                        **NO. 33,491**

**MARCOS QUIROGA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Gary L. Klingman, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
for Appellee

Jorge A. Alvarado, Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**ZAMORA, Judge.**

{1}     Defendant appeals from his convictions for robbery and conspiracy to commit robbery. Defendant raised three claims of error in his docketing statement: insufficient

evidence, cruel and unusual punishment, and improper admission of evidence. This Court issued a calendar notice proposing to affirm. Defendant has filed a memorandum in opposition to this Court's notice of proposed disposition maintaining that there was insufficient evidence to support his conviction. Defendant makes no argument regarding our proposed summary affirmance of his remaining claims of error, and those issues are therefore deemed abandoned. [MIO 7] *See State v. Johnson*, 1988-NMCA-029, ¶ 8, 107 N.M. 356, 758 P.2d 306 (providing that when a case is decided on the summary calendar, an issue is deemed abandoned where a party fails to respond to the proposed disposition of the issue). Having considered Defendant's arguments with respect to the sufficiency of the evidence supporting his convictions, we remain unpersuaded and affirm.

{2}     In this Court's calendar notice, we noted that Defendant did not challenge a specific element of either of the crimes charged as unsupported by substantial evidence. We also noted that there was evidence presented that Defendant enlisted the help of an employee of a restaurant to forcefully take money from the manager when the manager was carrying deposit bags containing $4,100 to the bank; the employee informed police that it was Defendant who planned the robbery and hit the manager over the head; and that Defendant then gave the employee part of the proceeds of the

robbery. [CN 3] Based on this evidence, we proposed to conclude that there was sufficient evidence to support Defendant's convictions.

{3} In response, Defendant contends that there was insufficient evidence that he "took the money by force or violence." [MIO 9] Specifically, Defendant argues that, because the victim "dropped the bag of money on his own as someone approached him[,]" there was not evidence of force. Defendant relies on *State v. Lewis*, 1993-NMCA-165, 116 N.M. 849, 867 P.2d 1231, in support of his argument. In *Lewis*, we held that, "in order to convict for [robbery], the use or threatened use of force must be the factor by which the property is removed from the victim's possession." *Id.* ¶ 9. Thus, in *Lewis*, we held that where the property was taken via stealth—and not by force—a robbery had not occurred. *Id.* ¶ 12. While Defendant argues that the victim's act of dropping the bag was not due to force, the bag was still within the victim's immediate possession—although on the ground—when the masked men hit the victim in the head with a baseball bat resulting in significant injury. [MIO 1-2] The victim then ran back into the restaurant to call the police. [MIO 2] Although Defendant asserts that the victim did not see the men take the bag, there was testimony by the employee that Defendant paid him for his part in the robbery. [MIO 3] This evidence is sufficient to support a reasonable inference by the jury that the money was removed from the immediate possession of the victim through the use of force. *See State v.*

*Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176 ("In reviewing the sufficiency of the evidence, we must view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict.").

{4}    Additionally, Defendant also challenges his conviction because it "was based almost entirely on the reluctant testimony of [the restaurant employee,]" asserting that the testimony of an accomplice should be accepted with caution. [MIO 10] Defendant cites *State v. Sarracino*, 1998-NMSC-022, 125 N.M. 511, 964 P.2d 72, and federal and out-of-state authority for this proposition. [MIO 10 (citing *Warren v. State*, 207 Ga. App. 53, 427 S.E.2d 45 (1993), for the proposition that a defendant may not be convicted on the uncorroborated testimony of an accomplice)] To the degree Defendant relies on the proposition in *Sarracino* that "accomplice testimony is an example of testimony that often should be viewed with suspicion," *see* 1998-NMSC-022, ¶ 14, our Supreme Court ultimately concluded in *Sarracino* that the weight given to an accomplice's testimony is left to the jury under New Mexico law, *id.* ¶ 9. While our Supreme Court has recognized that in some instances it may violate a defendant's due process rights to rely on an accomplice's testimony to support a conviction, we have recognized that this occurs where the jury is presented with "inherently improbable, uncorroborated testimony of an accomplice[.]" *State v. Garcia*, 2011-

4

NMSC-003, ¶ 6, 149 N.M. 185, 246 P.3d 1057 (citing *State v. Armijo*, 1931-NMSC-008, 35 N.M. 533, 2 P.2d 1075). Here, the State introduced evidence that police found a cell phone at Defendant's residence that demonstrated that the restaurant employee was providing information to Defendant about the manager taking money to be deposited at the bank. [MIO 4, 10] We therefore conclude that the principle discussed in *Garcia* does not apply in the present case because corroborating evidence was introduced. To the extent Defendant argues that the cell phone was found in a home he shares with others, this is a question of the weight the jury assigned to that evidence, and this Court will not reweigh evidence on appeal. *See State v. Mora*, 1997-NMSC-060, ¶ 27, 124 N.M. 346, 950 P.2d 789 ("The reviewing court does not weigh the evidence or substitute its judgment for that of the fact finder as long as there is sufficient evidence to support the verdict."), *overruled on other grounds by Kersey v. Hatch*, 2010-NMSC-020, 148 N.M. 381, 237 P.3d 683.

{5}    Finally, to the extent Defendant challenges his conviction for conspiracy to commit robbery on the same grounds [MIO 12], we rely on our analysis above.

{6}    Accordingly, for the reasons stated above and in this Court's notice of proposed disposition, we affirm Defendant's convictions for robbery and conspiracy to commit robbery.

{7}    **IT IS SO ORDERED.**

5

                                      _____

**M. MONICA ZAMORA, Judge**

**WE CONCUR:**

_____

**MICHAEL E. VIGIL, Judge**

_____

**J. MILES HANISEE, Judge**