This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                 **NO. 33,351**

**EDWARD BARNHOUSE,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Jacqueline Flores, District Judge**

Gary King, Attorney General
Santa Fe, NM

for Appellee

Sergio J. Viscoli, Assistant Public Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**ZAMORA, Judge.**

{1}    Defendant appeals from an on-the-record district court judgment affirming his metropolitan court conviction for DWI (first offense). We issued a calendar notice

proposing to affirm Defendant's three issues. Defendant has responded with a memorandum in opposition. We affirm.

{2} We initially note that the caption of the memorandum in opposition purports to raise a motion to amend the docketing statement. However, no new issue is raised; to the contrary, Defendant has actually abandoned one of his issues. We therefore construe the caption to be a typographical error.

{3} **Issue I:** Defendant has argued that his arrest was not supported by probable cause. There is no new argument in the memorandum in opposition. Accordingly, the issue is deemed abandoned. *See State v. Johnson*, 1988-NMCA-029, ¶ 8, 107 N.M. 356, 758 P.2d 306 (holding that when a case is decided on the summary calendar, an issue is deemed abandoned where a party fails to respond to the proposed disposition of that issue).

{4} **Issue II:** Defendant continues to challenge the sufficiency of the evidence to support his conviction for Driving While Intoxicated. [MIO 24] A sufficiency of the evidence review involves a two-step process. Initially, the evidence is viewed in the light most favorable to the verdict. Then the appellate court must make a legal determination of "whether the evidence viewed in this manner could justify a finding by any rational trier of fact that each element of the crime charged has been established beyond a reasonable doubt." *State v. Apodaca*, 1994-NMSC-121, ¶ 6, 118 N.M. 762, 887 P.2d 756 (internal quotation marks and citation omitted).

**{5}** In order to convict Defendant of DWI, the evidence had to show that Defendant was under the influence of intoxicating liquor while operating a motor vehicle, and that this affected his ability to operate the vehicle to at least the slightest degree. NMSA 1978, § 66-8-102(A) (2010); UJI 14-4501 NMRA.

**{6}** Here, the officer had received a dispatch of an extremely intoxicated individual leaving the scene in his vehicle. [DS 13] When the officer arrived on the scene, a manager of the restaurant handed him the keys, informing the officer that "he was trying to leave." [DS 13-14] Defendant admitted that he had been drinking and that he was trying to leave. [DS 14; RP 166] The State presented evidence that Defendant appeared very intoxicated and performed poorly on the field sobriety tests. [DS 5, 14, 18] The restaurant manager also testified that Defendant drove his vehicle backward out of the parking lot, and that another manager had to move out of the way to avoid getting hit. [RP 168; MIO 5, DS 15] Accordingly, our calendar notice proposed to affirm. *See, e.g., State v. Soto*, 2007-NMCA-077, ¶ 34, 142 N.M. 32, 162 P.3d 187 (holding that there was sufficient evidence to support a conviction where officers observed the defendant driving, where the defendant admitted to drinking, and where the defendant had bloodshot watery eyes, smelled of alcohol, and slurred speech).

**{7}** In his memorandum in opposition, Defendant refers us to his version of events, namely that he did not have the intent to drive, but merely went briefly out to the vehicle with the intention of going back into the restaurant. [MIO 25-26] However, the fact-finder was free to reject Defendant's version of events. *See State v. Sutphin*,

3

1988-NMSC-031, ¶ 21, 107 N.M. 126, 753 P.2d 1314 (noting that the fact-finder is free to reject a defendant's version of events). With respect to Defendant's claim that the fact-finder relied too heavily on the testimony of a witness who stated that Defendant drove the vehicle, witness credibility is to be determined by the fact-finder, and will not be re-examined on appeal. *See State v. Nichols*, 2006-NMCA-017, ¶ 9, 139 N .M. 72, 128 P.3d 500 (stating that "[a]s an appellate court, we do not substitute our judgment for that of the fact[-]finder concerning the credibility of witnesses or the weight to be given their testimony") (internal quotation marks and citation omitted).

{8}     **Issue III:** Defendant continues to argue that the district court erred in denying his motion for a new trial. [MIO 27] Defendant's motion alleged that a second manager, who did not testify at trial, would provide testimony contradicting testimony that the vehicle had been in motion. [RP 81] We conclude that the trial court did not err for the same reasons set forth by the district court in Defendant's on-the-record appeal. [RP 170] Specifically, it appears that this testimony, at best, would have merely contradicted some of the specifics of the incident, and was inconclusive. [RP 170] In addition, Defendant did not show that this testimony could not have been discovered prior to trial. *See State v. Garcia*, 2005-NMSC-038, ¶ 8, 138 N.M. 659, 125 P.3d 638 (setting forth factors to consider when addressing motion for new trial).

{9}     For the reasons set forth above, we affirm.

{10}    **IT IS SO ORDERED.**

4

 

         _____
         **M. MONICA ZAMORA, Judge**

**WE CONCUR:**


_____
**RODERICK T. KENNEDY, Chief Judge**


_____
**JONATHAN B. SUTIN, Judge**