758 P.2d 306

**STATE of New Mexico,**
**Plaintiff–Appellee,**

v.

**Floyd JOHNSON, Defendant–Appellant.**

No. 10415.

Court of Appeals of New Mexico.

March 29, 1988.

Certiorari Denied May 10, 1988.

Phil Blenden, Jeffrey B. Diamond, Paine, Blenden & Diamond, Carlsbad, for defendant-appellant.

Hal Stratton, Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

BIVINS, Judge.

The issue in this appeal is whether defendant was entitled, as a matter of right, to a trial de novo in district court following judgment against him on his guilty plea and disposition agreement in the magistrate court. The district court dismissed defendant's appeal finding that, having entered a plea of guilty, defendant was not an "aggrieved party" as contemplated by SCRA 1986, 6–703, and relying on *State v. Ball*, 104 N.M. 176, 718 P.2d 686 (1986). Our calendar notice proposed summary affirmance and defendant filed a memorandum in opposition to that proposal. Defendant's sole challenge to his guilty plea is based on the failure of the magistrate court to proceed pursuant to SCRA 1986, 6–502, which requires that the plea and disposition agreement be reduced to writing. We are not persuaded by defendant's argument that *State v. Ball* has been reduced to an "anachronism" by Rule 6–502 and that failure to comply with the requirements of the rule renders his guilty plea constitutionally invalid. We, therefore, affirm the district court.

Defendant was charged in magistrate court with aggravated battery with great bodily harm, contrary to NMSA 1978, Section 30–3–5(C) (Repl.Pamp.1984), a third-degree felony. He agreed to plead guilty to aggravated battery, inflicting an injury not likely to cause death or great bodily harm, contrary to Section 30–3–5(B), a misdemeanor. Defendant states in his docketing statement that, represented by counsel, he bargained for and entered into a plea and disposition agreement. He makes no assertion that the plea was either involuntary or unknowing. Nor does defendant assert that the state breached the plea and disposition agreement. Rather, defendant complains that the disposition agreed to between the parties was that the magistrate

court would order a presentence report. He states that no recommendation as to the actual sentence to be imposed was made a part of the plea and disposition agreement. We point out that a presentence report is not a disposition, but an aid to the sentencing court in reaching its disposition. *See State v. Lack*, 98 N.M. 500, 650 P.2d 22 (Ct.App.1982) (holding use of a presentence report not mandatory). Defendant does not assert that he knowingly entered into the plea and disposition agreement without knowledge of the possible consequence of his plea or without knowledge that the magistrate court would act with the assistance of the presentence report and sentence him to be punished for the crime. Nor does defendant assert that the sentence imposed was illegal. The common-sense approach of *State v. Ball* is applicable to these circumstances:

> Common sense tells us that a defendant who, voluntarily and aware of the consequences, pleads guilty ... cannot claim to be aggrieved because he did not receive a trial. Nor can he claim·to be aggrieved by the judgment and sentence rendered against him, so long as the [magistrate] court acted within its sentencing discretion.

*Id.*, 104 N.M. at 183, 718 P.2d at 693. The magistrate court accepted the guilty plea and sentenced defendant to 364 days incarceration, suspended the sentence except for 180 days, and placed defendant on probation for the balance. Both the sentence and probation were within the authority of the magistrate court. NMSA 1978, § 31–19–1 (Repl.Pamp.1987).

If the only recommendation made by the state was that the magistrate court consider a presentence report before sentencing, that recommendation was accepted together with the plea. Under these circumstances described by defendant, the magistrate court accepted the agreement as voluntarily and knowingly entered into by defendant. *See* R. 6–502; *see also Eller v. State*, 92 N.M. 52, 582 P.2d 824 (1978). There is no indication that defendant attempted to withdraw his plea.

Defendant's reliance on dicta in *State v. Ball* disregards the clear holding of that case. Defendant also disregards the earlier holding of the supreme court in *State v. Tiption*, 78 N.M. 600, 435 P.2d 430 (1967), reaffirmed in *State v. Ball:* "[A] plea of guilty, voluntarily made after proper advice of counsel and with full understanding of the consequences, is binding and waives objections to prior defects in the proceedings." *State v. Ball*, 104 N.M. at 183, 718 P.2d at 693.

Defendant misapprehends the significance of the adoption of Rule 6–502. We do not doubt that the requirement that a plea agreement be reduced to writing provides evidence that a guilty plea is voluntary and knowingly given. The rule, however, affords no more than that. The supreme court held in *State v. Ball* that the constitutional guarantee of the right of appeal, N.M. Const. art. VI, § 27, was intended to extend only to persons aggrieved by judgments of inferior courts. Rule 6–502 does not alter the court's express determination of the scope and limitations of the right of appeal guaranteed to criminal defendants.

*State v. Ball* also affirms the alternate holding of this court in *State v. Bazan*, 97 N.M. 531, 641 P.2d 1078 (Ct.App.1982):

> [A defendant] who agrees not to be aggrieved by entering into a plea and disposition agreement, who alleges no constitutional invalidity in the plea and disposition agreement, and who does not seek to have his plea and disposition agreement withdrawn, is not an aggrieved party.

*Id.* at 534, 641 P.2d at 1081. The supreme court extended the holding of *State v. Bazan*, in turn holding that a defendant who has pleaded guilty without benefit of a plea agreement likewise is not an aggrieved party. In view of this precedent, we cannot now say that an accused who has entered into a plea agreement is nonetheless an aggrieved party because the agreement was not reduced to writing.

■ Defendant requested in his memorandum that this case be assigned to a non-summary calendar. Although the issue as framed by defendant is one of first

impression, we find that the relevant facts are not in dispute and, as indicated above, the application of legal principles to those facts is clear. Therefore, no purpose would be served in reassigning this case to a non-summary calendar. *See Garrison v. Safeway Stores,* 102 N.M. 179, 692 P.2d 1328 (Ct.App.1984).

 Defendant's memorandum does not respond to our proposed disposition of the second issue he raises on appeal. Accordingly, this issue is deemed abandoned. *State v. Martinez,* 97 N.M. 585, 642 P.2d 188 (Ct.App.1982).

For the reasons stated above, we affirm the district court's dismissal of defendant's appeal from the judgment and sentence of the magistrate court.

IT IS SO ORDERED.

MINZNER and FRUMAN, JJ., concur.