This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

**v.**                                                                 **NO. 29,941**

**FRANCISCO MATA, JR.,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Thomas J. Hynes, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Montoya Law Inc.
Dennis W. Montoya
Rio Rancho, NM

for Appellant

## MEMORANDUM OPINION

**BUSTAMANTE, Judge.**

Defendant appeals his conviction for possession of methamphetamine. We proposed to affirm in a calendar notice. Defendant has responded to that notice with a memorandum in opposition. We have carefully considered Defendant's arguments, but we are not persuaded that affirmance is not the correct disposition in this case. We therefore affirm.

Defendant continues to advance arguments related to prosecutorial vindictiveness, and his motion to suppress evidence from a warrantless search. As explained in our notice, prosecutorial vindictiveness protects a defendant from being made to be apprehensive of retaliation by the prosecutor. *See State v. Brule*, 1999-NMSC-026, ¶ 7, 127 N.M. 368, 981 P.2d 782. We noted that, with a claim of prosecutorial vindictiveness, the focus is on the actions of the prosecutor, and whether those actions would or would not have occurred but for hostility directed at Defendant or because Defendant had exercised a legal right. *Id.* ¶ 10. In the memorandum in opposition, Defendant again focuses on the actions of Officer Briseno, and not the actions of the prosecutor. Defendant states that the officer's actions "coupled with his extensive history of hostile interaction" with Defendant's family clearly demonstrate prosecutorial vindictiveness. [MIO 5] We hold that the officer's behavior and/or actions did not support a claim for prosecutorial vindictiveness.

Defendant continues to claim that the district court erred in denying his motion to suppress the evidence found in his yard. As discussed in our calendar notice, the officers knew that there was an outstanding arrest warrant for Defendant and saw Defendant drop a baggie into an ivy thicket before heeding the officers' directions to stop walking. Based on the observations by the officers, they had reasonable suspicion that other criminal activity was afoot and could expand the seizure of Defendant by looking into the ivy for the item dropped by Defendant. *See State v. Duran*, 2005-NMSC-034, ¶ 23, 138 N.M. 414, 120 P.3d 836 (quoting *State v. Taylor*, 1999-NMCA-022, ¶ 20, 126 N.M. 569, 973 P.2d 246).

Moreover, after the officers saw Defendant drop the baggie into the ivy, he was placed under arrest. As discussed in *State v. Harbison*, 2007-NMSC-016, 141 N.M. 392, 156 P.3d 30, if, as in this case, a defendant was not seized at the time he discarded contraband, the contraband is considered to be abandoned and Fourth Amendment protections do not apply. *Id.* ¶ 10. Based on the record on appeal, Defendant made no claim that he was seized at the time that he dropped the contraband into the ivy. Instead, Defendant argued that the officers could not retrieve the contraband because his arrest was complete when he was handcuffed and placed into the patrol car, and therefore, no exigent circumstances existed to justify retrieval of the contraband. [RP 86] Based on *Harbison*, the Fourth Amendment protections

3

did not apply to the abandoned contraband in this case. For the reasons discussed above and in our calendar notice, there was no error by the district court in denying the motion to suppress the evidence.

Defendant raised other issues in the docketing statement that were addressed in our calendar notice. Defendant does not challenge our proposed disposition with respect to those issues. Therefore, we do not address them. *See State v. Johnson*, 107 N.M. 356, 358, 758 P.2d 306, 308 (Ct. App. 1988) (stating that, when a case is decided on the summary calendar, an issue is deemed abandoned where a party fails to respond to the proposed disposition of the issue).

For the reasons discussed above and in our calendar notice, we affirm Defendant's conviction.

**IT IS SO ORDERED**.

_____

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____

**MICHAEL E. VIGIL, Judge**

_____

**ROBERT E. ROBLES, Judge**

4