This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                   **NO. 29,990**

**GARY TESCH,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Thomas A. Rutledge, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Trace L. Rabern
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**BUSTAMANTE, Judge.**

    Defendant appeals from his conviction for criminal sexual penetration of a child

under thirteen. In this Court's notice of proposed summary disposition, we proposed to affirm. Defendant has filed a memorandum in opposition pursuant to an extension granted by this Court. We have considered Defendant's arguments, and as we are not persuaded by them, we affirm.

**Ineffective Assistance of Counsel**

Defendant's docketing statement raised two ineffective assistance of counsel claims—the first based on evidence Defendant asserted was in the record, and the second based on evidence that Defendant acknowledged was not in the record. In this Court's notice of proposed summary disposition, we proposed to hold that Defendant had not made a prima facie case as to either claim and that he was therefore not entitled to a remand for an evidentiary hearing on direct appeal. *See State v. Bernal*, 2006-NMSC-050, ¶¶ 32-33, 140 N.M. 644, 146 P.3d 289. Because appellate counsel had raised a number of actions by trial counsel that sounded potentially troubling, we instructed appellate counsel that in any memorandum in opposition Defendant wished to file, he should limit his arguments of ineffectiveness to those that could be supported by evidence in the record of both (1) unreasonable attorney conduct and (2) prejudice to Defendant, along with relevant legal authority to support his argument that each type of conduct constituted ineffective assistance of counsel. Rather than

responding with the kind of specific factual and legal arguments requested by this Court, Defendant's memorandum in opposition simply asserts generally that this Court should remand for an evidentiary hearing because Defendant could then make a prima facie case of ineffective assistance of counsel. [MIO 1 ("[Defendant] asks this Court on its analysis order [sic] a remedy like that in *State v. Dylan J.*, *State v. Grogan*, and *State v. Aragon*, because the existing record indicates that [Defendant] can make a prima facie case for ineffective assistance of counsel if given conflict-free counsel and the opportunity.")] Defendant misunderstands our case law. Defendant was required to demonstrate a prima facie case to this Court on appeal based on evidence in the record in order to warrant a limited remand for an evidentiary hearing. *See Bernal*, 2006-NMSC-050, ¶ 33. As Defendant has failed to do so, he is not entitled to relief on direct appeal. To the degree that Defendant's claims have merit, they should be raised in a collateral proceeding. *Id.*

**Admission of Expert Testimony**

Defendant's docketing statement raised a claim of error relating to the admission of a SANE nurse's expert opinion. In our notice of proposed summary disposition, we proposed to find no error. Defendant's memorandum in opposition does not respond to that portion of this Court's analysis. Accordingly, he has waived

3

this argument. *State v. Johnson*, 107 N.M. 356, 358, 758 P.2d 306, 308 (Ct. App. 1988) (stating that when a case is decided on the summary calendar, an issue is deemed abandoned where a party fails to respond to the proposed disposition of the issue).

Therefore, for the reasons stated in this opinion and the notice of proposed summary disposition, we affirm.

**IT IS SO ORDERED.**

_____

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____

**CYNTHIA A. FRY, Chief Judge**

_____

**RODERICK T. KENNEDY, Judge**