This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

    Plaintiff-Appellant,

**v.**                                                                    **No. 30,275**

**MICHAEL GARCIA,**

    Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF VALENCIA COUNTY**
**William A. Sanchez, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellant

Hugh W. Dangler, Chief Public Defender
J.K. Theodosia Johnson, Assistant Appellate Defender
Santa Fe, NM

for Appellee

**MEMORANDUM OPINION**

**SUTIN, Judge.**

    The State appeals from the order dismissing charges against Defendant based on pre-indictment delay and speedy trial violations. We issued a calendar notice

proposing to reverse the district court order, and we have received a memorandum in opposition from Defendant. We have considered Defendant's arguments, but we are not persuaded that reversal is not the correct disposition in this case. We therefore reverse.

In our calendar notice, we proposed to hold that the triggering date for speedy trial purposes was, at the earliest, August 20, 2009, the date that Defendant was indicted in district court. We explained that, although charges had been previously filed against Defendant in magistrate court and then dropped, there was nothing to show that the dismissal of the charges was for tactical reasons or for reasons that constituted bad faith. *See State v. Hill*, 2005-NMCA-143, ¶ 12, 138 N.M. 693, 125 P.3d 1175 (stating that speedy trial concerns are not triggered when charges are dismissed, the defendant is released from custody, and charges are refiled at a later date so long as the charges are dropped in good faith). The time period from August 20, 2009, to the date that Defendant filed his motion to dismiss on February 17, 2010, amounted to less than six months. Therefore, the length of delay was not presumptively prejudicial, and there is no need to inquire into the remaining speedy trial factors. *See State v. Garza*, 2009-NMSC-038, ¶¶ 21, 47, 146 N.M. 499, 212 P.3d 387. We reverse the district court's determination that Defendant's speedy trial rights were violated.

Defendant does not challenge our proposed disposition with regard to his argument on pre-indictment delay.  When a case is decided on the summary calendar, an issue is deemed abandoned where a party fails to respond to the proposed disposition of the issue.  *State v. Johnson*, 107 N.M. 356, 358, 758 P.2d 306, 308 (Ct. App. 1988).  Therefore, we rely on our discussion in the calendar notice and reverse on this issue.

For the reasons discussed in this opinion and those included in our calendar notice, we reverse the district court's order granting Defendant's motion to dismiss.

**IT IS SO ORDERED.**

_____
**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**TIMOTHY L. GARCIA, Judge**