This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**THOMAS M. YOCOM**,

    Worker-Appellee,

v.                                                              NO.   30,971

**B J SERVICES CO., and**
**CRAWFORD & CO.**,

    Employer/Insurer-Appellants.

**APPEAL FROM THE WORKERS' COMPENSATION ADMINISTRATION**
**Gregory D. Griego, Workers' Compensation Judge**

Dorato & Weems, LLC
Derek L. Weems
Albuquerque, NM

for Appellee

Hale & Dixon PC
Timothy S. Hale
Albuquerque, NM

for Appellants

**MEMORANDUM OPINION**

**VIGIL, Judge.**

Employer and Insurer (Appellants) appeal the workers' compensation judge's (WCJ) order awarding compensation to Worker for his injuries and a 25% penalty for Appellants' bad faith conduct. In this Court's notice of proposed summary disposition, we proposed to affirm. Appellants have filed a memorandum in opposition, which we have duly considered. As we are not persuaded by Appellants' arguments, we affirm.

In this Court's notice of proposed summary disposition, we proposed to conclude that (1) Appellants had not preserved any argument that they were entitled to discovery on the issue of their own bad faith conduct, and they failed to explain to this Court why they would need discovery regarding their own conduct in any case, and (2) applying the whole record standard of review, there was evidence in the record that a reasonable mind could accept as adequate to support the conclusion that Appellants engaged in "intentional conduct in the handling of a claim . . . that amounts to . . . willful or reckless disregard of the rights of [Worker]." *See* 11.4.1.7(C) NMAC (1/24/1991) (recompiled 11/30/2001).

In Appellants' memorandum in opposition, they fail to respond to this Court's proposed summary disposition of the discovery issue. Accordingly, they have not met their burden of demonstrating reversible error on this basis. *See State v. Johnson*, 107 N.M. 356, 358, 758 P.2d 306, 308 (Ct. App. 1988) (stating that when a case is decided

on the summary calendar, an issue is deemed abandoned where a party fails to respond to the proposed disposition of the issue).

With respect to the merits of the WCJ's decision, Appellants argue that 11.4.3.6 NMAC (6/1/1996 (amended 11/30/2004) and 11.4.3.12 NMAC (5/26/1987) (amended 11/30/2004), which require cooperation and information sharing among the parties to a workers' compensation claim, indicate that the communication between Insurer and Worker's doctor was proper. [MIO 2-3] We disagree. The regulations discuss cooperation and information sharing generally, and do not expressly address communications between an insurer and a physician. NMSA 1978, Section 52-10-1(A) (1990), does address such communications, and as we explained in our notice, Section 52-10-1 only permits an insurer to ask a worker's physician to release certain preexisting records. *See Church's Fried Chicken No. 1040 v. Hanson*, 114 N.M. 730, 733-34, 845 P.2d 824, 827-28 (Ct. App. 1992). It does not permit the insurer to engage in other discussions with the physician without the worker's consent. *Id.*

Appellants assert that *Church's Fried Chicken* is distinguishable because here Worker "had not even filed an accident/incident report, and had not even told his employer that he suffered a work related injury." [DS 4; MIO 5] However, in our notice of proposed summary disposition, we stated that it appeared that there was evidence from which the WCJ could reasonably conclude that Worker had informed

3

Employer that he suffered a work-related injury. [RP 468] Worker has not responded to our proposed conclusion. We therefore conclude that the evidence was sufficient, and that *Church's Fried Chicken* is not distinguishable on this basis. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

Appellants also argue that *Church's Fried Chicken* is distinguishable because there the communications that were prohibited by the district court's order were oral, and here, the Insurer wrote a letter asking for the doctor's opinions. [MIO 5] We are not persuaded. First, we note that the original ex parte communication between the insurer and the physician in *Church's Fried Chicken* was a letter, and that the district court's order prohibited all further ex parte communications and noted that the worker did not object to the insurer interviewing his doctor in person or by phone so long as his attorney was present. *See* 114 N.M. at 732, 845 P.2d at 826. Therefore, it appears that *Church's Fried Chicken* applies to both written and oral communications. To the degree there is any ambiguity in the opinion, however, the distinction between oral and written communications is a distinction without a difference. In *Church's Fried Chicken*, we stated that Section 52-10-1 only permits an insurer to ask a worker's physician to release certain preexisting records, and that it does not permit the insurer to engage in other discussions with the physician without the worker's consent. 114

4

N.M. at 733-34, 845 P.2d at 827-28. Appellants have not explained why the rationale of *Church's Fried Chicken* would permit a party to ask questions in writing that it would not be permitted to ask in person or over the telephone.

Appellants also ask this Court to reconsider *Church's Fried Chicken* and to adopt the dissent in that case. [MIO 2, 7-9] Appellants argue that the decision is twenty years old, that the dissent is more persuasive than the majority opinion, and that a worker's privacy concerns should give way to the expedient handling of workers' compensation claims. We do not view these as compelling reasons to overrule *Church's Fried Chicken*, and we therefore decline to do so. *See State ex rel. Martinez v. City of Las Vegas*, 2004-NMSC-009, ¶ 24, 135 N.M. 375, 89 P.3d 47 ("Based on the importance of stare decisis, we require a compelling reason to overrule one of our prior cases." (internal quotation marks and citation omitted)).

Finally, Appellants argue that the Insurer's conduct should not constitute bad faith, since sending the letter was necessary in order to comply with the requirement that Appellants fairly process Worker's claim. [MIO 6-7] We disagree. Appellants were required to investigate and process Worker's claim in accordance with the law, which includes Section 52-10-1(A) as it has been interpreted by this Court.

Therefore, for the reasons stated in this opinion and in our notice of proposed summary disposition, we affirm.

**IT IS SO ORDERED.**

5

_____

**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**CYNTHIA A. FRY, Judge**