This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                              **No. 32,783**

**MARVIN RAY QUMYINTEWA,**

Defendant-Appellant.


**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Benjamin Chavez, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Karl Erich Martell, Assistant Appellate Defender
Santa Fe, NM

for Appellant


**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

**{1}** Defendant Marvin Ray Qumyintewa contends that the district court erred in refusing to permit him to present jury instructions regarding involuntary intoxication, inability to form specific intent as a result of voluntary intoxication, and temporary insanity as defenses to charges of criminal sexual contact of a child under thirteen (CSCM) and criminal sexual penetration of the same child (CSPM). [DS 8] In our notice of proposed summary disposition, we proposed to affirm.

**{2}** Qumyintewa has filed a memorandum in opposition to this Court's proposed summary disposition. He continues to argue that the fact that his brother said that Qumyintewa would be a "wuss" if he did not drink alcohol on the evening in question constitutes the kind of pressure that, due to Qumyintewa's cultural background and psychological issues, should qualify as duress such that Qumyintewa's intoxication should be considered to be legally involuntary. [MIO 5-6] The out-of-jurisdiction authorities he provides in support of this argument do not aid him, as those cases involved situations where the person ingested a substance without knowing that it was intoxicating. [MIO 5-6] Here, in contrast, Qumyintewa's memorandum indicates that he had an alcohol dependence disorder and thus that he knew that alcohol was intoxicating. [MIO 2] We hold that sibling pressure to take an intoxicant does not constitute the type of duress that would render the resulting intoxication involuntary. *See State v. Gurule*, 2011-NMCA-042, ¶ 19, 149 N.M. 599, 252 P.3d 823 (stating that

the defense of duress is available only when the defendant engaged in an act in order to "avoid a harm of greater magnitude" (alteration, internal quotation marks, and citation omitted)).

{3}     Qumyintewa argues that, to the degree that his intoxication was voluntary, he should have been permitted to instruct the jury on the defense of voluntary intoxication. *See State v. Garcia*, 2011-NMSC-003, ¶ 35, 149 N.M. 185, 246 P.3d 1057 (stating that "voluntary intoxication provides a defense to specific intent crimes where the intoxication is to such a degree as would negate the possibility of the necessary intent" (internal quotation marks and citation omitted)). He correctly notes that in this Court's notice of proposed summary disposition, we erroneously characterized CSCM and CSPM as strict liability offenses. He points out that when the evidence raises a genuine issue regarding the unlawfulness of the defendant's actions, the State is required to prove the element of unlawfulness. *See* UJI 14-925 NMRA, use note 4; UJI 14-957 NMRA, use note 6. Evidence that an act is unlawful requires proof that it was done with the intent to arouse or gratify sexual desire, to intrude upon the bodily integrity or personal safety of the victim, or for some other unlawful purpose. *See* UJI 14-132 NMRA. In contrast, lawful contact with the intimate parts of a child might include contact for legitimate caregiving or medical purposes. *Id.*

3

**{4}** However, Qumyintewa does not argue on appeal that there was a genuine issue as to the unlawfulness of his conduct in this case, and does not point to where he preserved any such argument below. [RP 58-65 (discussing the element of unlawfulness but never arguing that there could be any view of the facts in this case under which Qumyintewa's conduct could have been for some lawful purpose)] Because Qumyintewa's argument that he was entitled to a voluntary intoxication instruction to negate specific intent is based on his argument that the unlawfulness element requires a specific intent, and because Qumyintewa failed to demonstrate in the district court that he was entitled to an instruction on unlawfulness, we hold that the district court did not err in refusing to give an instruction on voluntary intoxication. We express no opinion on whether he would have been entitled to such an instruction had he established that unlawfulness was a matter at issue in the case.

**{5}** Finally, Qumyintewa's memorandum in opposition makes no specific arguments with respect to temporary insanity, and we therefore conclude that he has abandoned this argument. *See State v. Johnson*, 1988-NMCA-029, ¶ 8, 107 N.M. 356, 758 P.2d 306 (stating that when a case is decided on the summary calendar, an issue is deemed abandoned where a party fails to respond to the proposed disposition of the issue).

**{6}** For these reasons, we affirm the district court's order.

4

{7}     **IT IS SO ORDERED.**

_____
              **MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____
**RODERICK T. KENNEDY, Chief Judge**

_____
**LINDA M. VANZI, Judge**