This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                          **No. 33,616**

**SAUDI FLORES-ALVIDREZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Briana H. Zamora, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

The Appellate Law Office of Scott M. Davidson
Scott M. Davidson
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**FRY, Judge.**

{1}    Defendant Saudi Flores-Alvidrez (Defendant) filed a docketing statement, appealing from her convictions of trafficking by distribution and conspiracy to traffic cocaine. In her docketing statement, Defendant raised nine issues. This Court issued

a calendar notice proposing to affirm, and Respondent has filed a memorandum in opposition as to Issues A and F only. [MIO 3] With regard to issues B, C, D, E, G, H, and I, Respondent has not responded to our proposed disposition, so those issues are deemed abandoned. *See State v. Johnson*, 1988-NMCA-029, ¶ 8, 107 N.M. 356, 758 P.2d 306 (concluding that the appellant's issue was deemed abandoned when his memorandum did not respond to this Court's proposed disposition of the issue). With regard to issues A and F, we have given due consideration to the memorandum in opposition, and, remaining unpersuaded, we affirm Defendant's convictions.

**Issue A**

{2}     Defendant continues to argue that the district court erred in excluding evidence regarding the delay between the date of the incident and the date of the arrest. [DS 6–7, 9–11; *see also* MIO 4] In doing so, Defendant now emphasizes her assertion that the delay prohibited her from presenting evidence regarding "mistaken identity." [MIO 4–12; RP 174, 218; *see also* DS 16] As we emphasized in our notice, however, whether the jury believed that the detective could accurately identify Defendant nearly six years after the incident occurred is a question of weight and credibility, to be resolved by the jury. *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482. Moreover, Defendant does not point to anything in the record that indicates that the district court *prohibited* such testimony. [*See* MIO 4–12] Indeed, as stated in

Defendant's docketing statement and memorandum in opposition, the district court's prohibition was limited to testimony regarding the delay between the incident and the acquisition/execution of the arrest warrant and the reasons for such delay. [DS 10; MIO 5] Thus, while Defendant argues that the jury did not have the "proper picture" upon which to make "an informed decision on the essential element of identity" [MIO 10], Defendant has failed to show how the district court's ruling regarding the delay between the incident and the acquisition/execution of the arrest warrant precluded Defendant from eliciting testimony regarding identity and presenting the jury with the "proper picture" or from eliciting testimony regarding the overall amount of time that passed between the date of the incident and the date of the trial. The additional factors that Defendant claims were not elicited, such as "the details of the process used to identify the suspect" and "how many encounters of this type Detective Burke had done in the five years prior to the first in-court identification" [MIO 11], were likewise not precluded by the district court's ruling.

{3}     Finally, to the extent Defendant implies that the first jury's unanswered questions regarding the delay indicates that the jury had questions regarding identity [MIO 5], whether the jury in the first trial had questions about why there was a delay before the warrant was procured is irrelevant to the second trial. Moreover, Defendant has cited no authority for the proposition that a jury's questions in a first trial resulting

in a hung jury should affect a court's admission of evidence in the second trial, so we assume no such authority exists. *See Curry v. Great Nw. Ins. Co.*, 2014-NMCA-031, ¶ 28, 320 P.3d 482 ("Where a party cites no authority to support an argument, we may assume no such authority exists."), *cert. denied*, 2014-NMCERT-003, 324 P.3d 375; *see also Weidler v. Big J Enters., Inc.*, 1998-NMCA-021, ¶ 24, 124 N.M. 591, 953 P.2d 1089 ("[W]e will not reverse a jury verdict based on speculation regarding what the jury could have done.").

**{4}** Accordingly, we conclude that the district court did not err in excluding evidence regarding the delay between the date of the incident and the date of the arrest.

**Issue F**

**{5}** Defendant continues to argue that she had ineffective assistance of counsel. [DS 15; MIO 12] In Defendant's docketing statement, she based her argument that she had ineffective assistance of counsel on three grounds [DS 15, 29, 40]; in her memorandum in opposition, she limits her argument to one: whether her trial counsel's failure to move to suppress the in-court identification of Defendant constituted ineffective assistance of trial. [MIO 12; *see also* DS 29] As to Defendant's arguments under the other two bases, they are deemed abandoned. *See Johnson*, 1988-

NMCA-029, ¶ 8 (concluding that the appellant's issue was deemed abandoned when his memorandum did not respond to this Court's proposed disposition of the issue).

{6}    As a basis for her continued argument, Defendant couches the case as one of mistaken identity. [MIO13] To this end, Defendant speculates that the passage of time precluded the detective from making any reliable in-court identification. [MIO 13, 15] Based on this speculation, Defendant argues that trial counsel's decision to not file a motion to suppress the officer's in-court identification fell below the performance of a reasonably competent attorney. [MIO 13] As we explained in our calendar notice [CN 15], to establish ineffective assistance of counsel, Defendant must show both that her attorney's performance fell below that of a reasonably competent attorney and that Defendant was prejudiced by that incompetence in that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *State v. Aker*, 2005-NMCA-063, ¶ 34, 137 N.M. 561, 113 P.3d 384 (internal quotation marks and citation omitted).

{7}    As an initial matter, we note that Defendant's statement that this is a case of "mistaken identity," indicating that mistaken identity was the only defense available, fails to acknowledge all of Defendant's non-identity arguments raised below and on appeal, including sufficiency of the evidence, admission of certain evidence that did not go to the question of identity, lack of proper chain of custody regarding the

5

cocaine, violation of Defendant's right to speedy trial, and prosecutor misconduct in defining reasonable doubt in closing argument. [DS 15–16; *see also* RP 39–40; RP 174–75; RP 219] Given that several non-identity defenses were raised, we conclude that it is a matter of trial tactics to focus on other defenses. *Lytle v. Jordan*, 2001-NMSC-016, ¶ 43, 130 N.M. 198, 22 P.3d 666 ("On appeal, we will not second guess the trial strategy and tactics of the defense counsel." (internal quotation marks and citation omitted)); *see State v. Peters*, 1997-NMCA-084, ¶ 40, 123 N.M. 667, 944 P.2d 896 (stating that failure to object is not ineffective assistance of counsel);

**{8}** Moreover, even assuming that "mistaken identity" was the sole defense below, we conclude that counsel was not ineffective. In this regard, any asserted "indicia of unreliability" [MIO 15] did not affect the *admissibility* of the detective's in-court identification, but only, as discussed in Issue A, its weight and credibility, the resolution of which was appropriately in the province of the jury. *See Salas*, 1999-NMCA-099, ¶ 13 (recognizing that it is for the fact finder to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lay). As such, any motion to suppress would have lacked merit and thus could not become the basis for an ineffective assistance claim. *See State v. Sanchez*, 1982-NMCA-155, ¶ 10, 98 N.M. 781, 652 P.2d 1232 ("Failure to file a non-meritorious motion cannot be declared ineffective assistance." (internal quotation marks omitted)).

6

{9}     Nevertheless, as we stated in our notice, to the extent Defendant maintains that the outcome would have been different but for counsel's performance, "habeas corpus proceedings are the preferred avenue for adjudicating ineffective assistance of counsel claims, because the record before the trial court may not adequately document the sort of evidence essential to a determination of trial counsel's effectiveness." *State v. Grogan*, 2007-NMSC-039, ¶ 9, 142 N.M. 107, 163 P.3d 494 (alteration, internal quotation marks, and citation omitted).

{10}     To conclude, for the reasons stated above and detailed in this Court's notice of proposed disposition, we affirm Defendant's convictions of trafficking by distribution and conspiracy to traffic cocaine.

{11}     **IT IS SO ORDERED.**

_____
**CYNTHIA A. FRY, Judge**

**WE CONCUR:**

_____
**TIMOTHY L. GARCIA, Judge**

_____
**M. MONICA ZAMORA, Judge**

7