This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**JANELL L. MONTANO, n/k/a**
**JANELL L. GRIEGO,**

Petitioner-Appellee,

**v.**                                                            **No. 34,225**

**DANNY D. HOWES,**

Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF McKINLEY COUNTY**
**Grant L. Foutz, District Judge**

Advocate Law Center, P.A.
Bobbie P. Franklin
Gallup, NM

for Petitioner-Appellee

William G. Stripp
Ramah, NM

for Respondent-Appellant

## MEMORANDUM OPINION

**BUSTAMANTE, Judge.**

{1}     Respondent appeals from orders and judgments by which he was held in contempt and required to pay child support arrears.  We previously issued a notice of proposed summary disposition in which we proposed to affirm.  Respondent has filed a memorandum in opposition. After due consideration, we remain unpersuaded by Respondent's assertions of error. We therefore affirm.

{2}     In his docketing statement Respondent challenged the validity of the 1997 order by which he was originally required to pay child support. [DS 6] We proposed to summarily reject the argument. [CN 3-4] The memorandum in opposition contains nothing that is responsive. [MIO 2-4] The issue is therefore deemed abandoned. *See generally State v. Johnson*, 1988-NMCA-029, ¶ 8, 107 N.M. 356, 758 P.2d 306 (observing that where a memorandum in opposition does not respond to our proposed summary disposition with respect to an issue, that issue is deemed abandoned).

{3}     Respondent challenges the award of attorney fees to Petitioner, on grounds that counsel for Petitioner should have been disqualified as a consequence of the law firm's representation of him many years ago.  [MIO 2-3] In our notice of proposed summary disposition we observed that none of the rules of professional conduct upon which Respondent has relied would render disqualification mandatory. [CN 2-3] The memorandum in opposition contains neither further argument relative to any of the rules, nor citation to any other authority. Instead, Respondent simply reiterates his

belief that the representation was improper based on the firm's past representation of him, as well as the district court judge's former association with counsel for Petitioner. [MIO 2-4] Given the absence of supporting legal analysis and authority, we adhere to our initial assessment. *See generally City of Eunice v. N.M. Taxation & Revenue Dep't*, 2014-NMCA-085, ¶ 17, 331 P.3d 986 ("Where a party cites no authority to support an argument, we may assume no such authority exists"); *Corona v. Corona*, 2014-NMCA-071, ¶ 26, 329 P.3d 701 ("The appellate court presumes that the district court is correct, and the burden is on the appellant to clearly demonstrate that the district court erred.").

{4}	Accordingly, for the reasons stated above and in the notice of proposed summary disposition, we affirm.

{5}	**IT IS SO ORDERED.**


_____
**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**


_____
**MICHAEL E. VIGIL, Chief Judge**


_____
**J. MILES HANISEE, Judge**