This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                          **NO. 34,733**

**GLENN BROWN,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Brett R. Loveless, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Santa Fe, NM
Steven J. Forsberg, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**ZAMORA, Judge.**

{1}      Defendant appeals from the district court's on-record review and affirmance of the metropolitan (metro) court's judgment and sentence, which found him guilty of

battery against a household member. This Court issued a calendar notice proposing summary affirmance. Defendant filed a memorandum in opposition to this Court's notice of proposed disposition, which we have duly considered. Unpersuaded, we affirm.

{2}    We initially note that Defendant raised two issues in his docketing statement, both of which were asserted before the district court: (1) the trial court abused its discretion by admitting photographs taken by the alleged victim, and (2) there was insufficient evidence to support the conviction. [CN 2; DS 10-11] However, in his memorandum in opposition, Defendant did not respond to our proposed disposition of Issue 1, in which we proposed to conclude that the metro court did not err in admitting the photographs [CN 3]. Accordingly, this issue is deemed abandoned. *See State v. Johnson*, 1988-NMCA-029, ¶ 8, 107 N.M. 356, 758 P.2d 306 (stating that when a case is decided on the summary calendar, an issue is deemed abandoned where a party fails to respond to the proposed disposition of the issue).

{3}    With regard to Issue 2—sufficiency of the evidence—we proposed in our calendar notice to agree with and adopt the district court's well-reasoned analysis as our own for purposes of this appeal. [CN 2] Defendant's memorandum in opposition does not point to any specific errors in fact or in law in our calendar notice or in the district court's opinion. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M.

2

754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). Instead, Defendant continues to argue that no rational fact-finder could have determined that the elements of the offense were proven beyond a reasonable doubt, given that Defendant and the victim testified to differing accounts of the event in question. [MIO 1] As readily acknowledged by Defendant [MIO 1], however, the jury was free to reject his version of what happened. *See State v. Foxen*, 2001-NMCA-061, ¶ 17, 130 N.M. 670, 29 P.3d 1071 (providing that conflicts in the evidence, including conflicts in the testimony of witnesses are to be resolved by the fact-finder; stating that the fact-finder is free to reject the defendant's version of events).

{4}     We conclude that Defendant has not met his burden to clearly demonstrate that the metro court erred in this case. Accordingly, for the reasons stated above, as well as those provided in our calendar notice, we affirm.

{5}     **IT IS SO ORDERED.**

---

**M. MONICA ZAMORA, Judge**

**WE CONCUR:**

---

**JAMES J. WECHSLER, Judge**

3

_____

**J. MILES HANISEE, Judge**