This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**COMPUTER ONE, INC., a**
**New Mexico Corporation; and**
**CAROLINE ROBERTS, Individually,**

      Plaintiffs-Appellants,

v.                                                                    **NO. 35,926**

**WILLIAM G. GILSTRAP and**
**DAYMON B. ELY,**

      Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Victor S. Lopez, District Judge**

The Perrin Law Firm
Doug Perrin
Santa Fe, NM

for Appellants

Guebert Bruckner, PC
Terry R. Guebert
Jonathan A. Garcia
Albuquerque, NM

for Appellee William G. Gilstrap

Dixon, Scholl, Carrillo, PA

Gerald G. Dixon
Robert J. Sanchez
Albuquerque, NM

for Appellee Daymon B. Ely

**MEMORANDUM OPINION**

**GARCIA, Judge.**

{1}    In this legal malpractice action, Plaintiffs Computer One, Inc. and Caroline Roberts appeal from the district court's order dismissing their complaint against Defendants William G. Gilstrap and Daymon B. Ely with prejudice. [DS 2; RP 82-86, 127] Despite numerous deficiencies in the docketing statement, discussed in our notice of proposed disposition, this Court proceeded to calendar the case and we proposed to summarily affirm. Plaintiffs filed a timely memorandum in opposition to the proposed disposition and a motion to amend the docketing statement, along with a proposed amended docketing statement. Defendants filed a joint memorandum in support of the proposed disposition; Defendant Gilstrap filed a response to Plaintiffs' motion for leave to file an amended docketing statement; and Defendant Ely filed a notice of joinder in Defendant Gilstrap's response. Having considered each of these filings, we conclude that the district court did not err in dismissing Plaintiffs' legal malpractice claims against Defendants, and we affirm.

**Motion to Amend the Docketing Statement**

{2}    As a preliminary matter, we note that Plaintiffs have moved to amend their original docketing statement "to list cases from other jurisdictions supporting [their] position on tolling of limitations." [MIO 6] Although our notice of proposed disposition outlined numerous deficiencies in the docketing statement [CN 2-3], Plaintiffs made no effort to address these concerns in their proposed amended docketing statement. [*see* Proposed Am. DS (attached to MIO)] The only change that Plaintiffs seek to make from their original docketing statement to their proposed amended docketing statement is a list of out-of-jurisdiction case law. [MIO 6; *compare* DS, *with* Proposed Am. DS] Notably, based on the "Statement of Issues Presented on Appeal" in the proposed amended docketing statement, no new issues are being raised. [*Compare* DS 3, *with* Proposed Am. DS 3] To the extent that Plaintiffs wanted to include new authorities to support the issue raised in their original docketing statement, it appears that they did so in their memorandum in opposition. [MIO 2-3] Indeed, we note that the cases included in the proposed amended docketing statement are the same cases included in the memorandum in opposition. [*Compare* MIO 2-3, 5, *with* Proposed Am. DS 3]Therefore, there does not appear to be a basis for amending the docketing statement, and we deny Plaintiffs' motion to amend the docketing statement.

**Statute of Limitations**

**{3}** In their docketing statement, Plaintiffs asked this Court to determine when the statute of limitations for their legal malpractice claims against Defendants started to run. [DS 3] As discussed in our notice of proposed disposition, their central contention appeared to be that a four-year statute of limitations applied. [CN 4, 6-8]

**{4}** With respect to Plaintiff Roberts, we proposed to agree with the district court that more than four years had elapsed from January 5, 2011 (the date that the district court dismissed the claims by Roberts in the underlying lawsuit) to May 5, 2015 (the date that Plaintiffs filed the present legal malpractice action against Defendants). [CN 7] Therefore, we proposed to conclude that the district court did not err in dismissing Roberts' legal malpractice claims against Defendants based on the statute of limitations. [CN 7]

**{5}** With respect to Plaintiff Computer One, we stated that the district court had determined that more than four years had elapsed from April 19, 2011 (the date of the verdict against Computer One) to May 5, 2015 (the date that Plaintiffs filed the present legal malpractice action against Defendants). [CN 7] However, we noted that in Plaintiffs' motion for reconsideration, Plaintiffs argued that the final judgment against Computer One was entered on May 10, 2011, and it is from this date that the statute of limitations should have begun to run. [CN 7] We further noted that Plaintiffs did not develop this issue on appeal, and we declined to develop Plaintiffs' arguments

for them. [CN 7-8] Accordingly, we proposed to conclude that Plaintiffs did not demonstrate that the district court erred in dismissing Computer One's legal malpractice claims against Defendants based on the statute of limitations. [CN 8]

{6}    We also noted that the district court had stricken Computer One's complaint under Rule LR2-116 NMRA (recompiled and amended as LR2-113, effective Dec 31, 2016). [CN 8] *See* Rule LR2-113(C) ("The court may strike, by court order on its own motion, any papers filed by an unrepresented corporation."). Thus, even if Plaintiffs properly established that the four-year statute of limitations applied to Computer One's claims against Defendants and that Computer One's complaint was timely filed within the statute of limitations, Computer One's complaint was stricken, and we proposed to affirm under the "right for any reason" doctrine. [CN 8-9] *See Cordova v. World Fin. Corp. of N.M.*, 2009-NMSC-021, ¶ 18, 146 N.M. 256, 208 P.3d 901 (stating that "it is established law that our appellate courts will affirm a district court's decision if it is right for any reason, so long as the circumstances do not make it unfair to the appellant to affirm").

{7}    In their memorandum in opposition to our notice of proposed disposition, Plaintiffs do not point out specific errors in fact or law. [*See generally* MIO] *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party

opposing the proposed disposition to clearly point out errors in fact or law."). Instead, they rely on out-of-state authority to support their argument for a common law tolling rule, which they claim would toll "the statute of limitations for negligence . . . until all appeals on the underlying claim[s] are exhausted or the litigation is finally concluded." [MIO 2-5] Moreover, it does not appear that Plaintiffs make any specific arguments as to our notice of proposed disposition as it relates to Plaintiff Roberts. [*See generally* MIO] *See State v. Johnson*, 1988-NMCA-029, ¶ 8, 107 N.M. 356, 758 P.2d 306 (stating that when a case is decided on the summary calendar, an issue is deemed abandoned where a party fails to respond to the proposed disposition of the issue).

**{8}**      As to Plaintiff Computer One, they argue that the case actually ended on June 9, 2011, the deadline to appeal the final judgment that was entered on May 10, 2011. [MIO 3] Plaintiffs further assert that "[t]he issue regarding the lack of representation of Computer One . . . was taken care of once Plaintiff filed her [m]otion for [r]econsideration. . . . Logically, and in fairness to . . . Computer One, . . . once a lawyer entered an appearance for Computer One, the deficiency in its representation was removed and the case should be permitted to go forward." [MIO 5-6] In support of this assertion, Plaintiffs rely on Rule 1-001(A) NMRA. [MIO 6] *See id.* (defining the scope of the rules of civil procedure for the district courts and stating that "[t]hese

6

rules shall be construed and administered to secure the just, speedy and inexpensive determination of every action"). Plaintiffs cite no authority for applying Rule 1-001(A) in the manner they have proposed, and we are not persuaded. *See Lea Cty. State Bank v. Markum Ranch P'ship*, 2015-NMCA-026, ¶ 15, 344 P.3d 1089 (recognizing that were an appellant does not cite any authority that supports the proposition asserted, "we presume that none exists under these circumstances").

{9}     In response to our notice of proposed disposition, Defendants filed a joint memorandum in support, in which they agree with our proposed disposition for the reasons contained therein, and they argue additional reasons to affirm the dismissal of the legal malpractice claims against them. [MIS 6-12] We decline to address Defendants' additional arguments to support affirmance, but instead, rely on the analysis contained in the calendar notice that we have already issued.

{10}     For the reasons stated in our notice of proposed disposition and herein, we affirm.

{11}     **IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**


_____
**LINDA M. VANZI, Chief Judge**

7

_____

**J. MILES HANISEE, Judge**