This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                          **NO. A-1-CA-36616**

**JOSEPH ORTEGA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Christina P. Argyres, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Will O'Connell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VANZI, Chief Judge.**

{1}     Defendant Joseph Ortega appeals following his jury trial convictions for selling or giving alcoholic beverages to a minor; two counts of possession of a controlled

substance; resisting, evading, or obstructing an officer; and possession of drug paraphernalia, and he raises four issues on appeal. [RP 209, 227; DS 1, 7] This Court issued a notice proposing to summarily affirm. Defendant has filed a memorandum in opposition, which we have duly considered. Remaining unpersuaded, we affirm.

{2} Defendant continues to argue the district court erred in denying his requested instruction providing a defense to possession of drug paraphernalia, [MIO 7] but his memorandum in opposition does not address any other issues raised in his docketing statement. When a case is decided on the summary calendar, an issue is deemed abandoned when a party fails to respond to the proposed disposition of that issue. *See State v. Johnson*, 1988-NMCA-029, ¶ 8, 107 N.M. 356, 758 P.2d 306. We therefore limit our discussion to the denial of Defendant's proposed instruction providing the defense of his enrollment in a harm reduction program.

{3} A defendant is entitled to jury instructions on his theory of the case if there is evidence to support the instruction. The failure to give such an instruction is reversible error. *See State v. Brown*, 1996-NMSC-073, ¶ 34, 122 N.M. 724, 931 P.2d 69. "The propriety of jury instructions given or denied is a mixed question of law and fact. Mixed questions of law and fact are reviewed de novo." *State v. Salazar*, 1997-NMSC-044, ¶ 49, 123 N.M. 778, 945 P.2d 996. Defendant asserts the district court improperly denied his proposed instruction regarding his participation in a harm reduction program on the ground that Defendant's testimony did not prove he was in

a program and the harm reduction defense does not apply to syringes containing a controlled substance. [MIO 6-10] Defendant argues his testimony stating he was in a harm reduction program was evidence supporting his defense instruction, and the defense of participation in a harm reduction program is not limited to clean or unused syringes. [MIO 7-10] As we previously noted, Defendant does not appear to have disclosed or introduced a harm reduction card demonstrating his enrollment in a program, and the existence and validity of the card were disputed. [CN 9] Thus, the only evidence supporting Defendant's proposed instruction was his own testimony about his enrollment in a harm reduction program. [MIO 9-10]

{4}     NMSA 1978, Section 24-2C-6 (1997) provides "[e]xchange or possession of hypodermic syringes and needles in compliance with the procedures of the program shall not constitute a violation of the Controlled Substances Act[.]" "[A] 'participant' or 'client' means an intravenous drug user who exchanges a used hypodermic syringe. . . for a sterile hypodermic syringe and needle in compliance with the procedures of the program[.]" NMSA 1978, § 24-2C-3(B) (1997). Clients in a harm reduction program shall be issued an identification card (SHARPS card) bearing a unique code, but participation in a harm reduction program will not prohibit a person's arrest or prosecution at times other than when he is engaged in a harm reduction activity. 7.4.6.10(B)(3), (4), (9) NMAC. "Harm reduction activities," as they relate to a client's participation, means "distribution of new syringes and the collection of used

3

syringes [and] disposal methods for used syringes and other potential biohazard material[.]" 7.4.6.7(G) NMAC. Beyond Defendant's testimony stating he was carrying a SHARPS card, it does not appear there was any evidence actually demonstrating Defendant's enrollment or showing Defendant was engaged in "harm reduction activities" at the time he was arrested. Therefore, we conclude the evidence did not support Defendant's proposed instruction. Thus, we hold the district court did not err in denying Defendant's proposed instruction.

{5}    Accordingly, for these reasons and those explained in our notice of proposed disposition, we affirm.

{6}    **IT IS SO ORDERED.**


_____

**LINDA M. VANZI, Chief Judge**

**WE CONCUR:**


_____

**JULIE J. VARGAS, Judge**


_____

**STEPHEN G. FRENCH, Judge**

4