This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38701**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**TOMMY GURULE,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF VALENCIA COUNTY**
**Cindy M. Mercer, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Steven J. Forsberg, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**DUFFY, Judge.**

{1}     Defendant is convicted of four counts of criminal sexual penetration. [MIO 1] On appeal, Defendant asserts a claim of prosecutorial misconduct and, by way of an amendment to his docketing statement, a claim of ineffective assistance of counsel.[1] [MIO 1, 2] This Court issued a notice of proposed summary disposition proposing to

---

[1]Defendant has abandoned an additional issue asserted in his docketing statement involving venue. [DS 7] *See State v. Johnson*, 1988-NMCA-029, ¶ 8, 107 N.M. 356, 758 P.2d 306 (providing that an issue is deemed abandoned where a party does not respond in opposition to the proposed disposition of the issue).

affirm based upon the presumption of correctness in the decisions of the trial court. *See State v. Chamberlain*, 1989-NMCA-082, ¶ 11, 109 N.M. 173, 783 P.2d 483 (holding that the appellant's failure to provide the court with a summary of all the facts material to consideration of an issue on appeal necessitated a denial of relief). Defendant's memorandum in opposition to that proposed disposition continues to assert misconduct during the State's opening statement and also seeks to assert ineffective assistance of counsel based upon trial counsel's failure to investigate or use two recordings of the victim. Having duly considered that memorandum, we remain unpersuaded and affirm.

**{2}** Defendant's memorandum in opposition to summary affirmance suggests that trial counsel provided ineffective assistance by failing to investigate or use two audio recordings in which the victim "denied that any crimes took place." [MIO 1] Defendant concedes, however, that this issue was not developed below, and the recordings at issue do not appear in the record on appeal. [MIO 2] Defendant points out that in situations where a defendant makes out a prima facie case of ineffective assistance, this Court may remand a case to the trial court in order to receive evidence regarding counsel's performance. [MIO 2] Generally, however, where the record is not sufficient for this Court to address a claim of ineffective assistance of counsel, the preferred procedure is to leave the matter for resolution in habeas corpus proceedings. *See State v. Baca*, 1997-NMSC-059, ¶ 25, 124 N.M. 333, 950 P.2d 776 (noting that "[a] record on appeal that provides a basis for remanding to the trial court for an evidentiary hearing on ineffective assistance of counsel is rare [and that o]rdinarily, such claims are heard on petition for writ of habeas corpus"); *State v. Martinez*, 1996-NMCA-109, ¶ 25, 122 N.M. 476, 927 P.2d 31 (stating that "[t]his Court has expressed its preference for habeas corpus proceedings over remand when the record on appeal does not establish a prima facie case of ineffective assistance of counsel"). This appears to be a case in which the record on appeal does not support a prima facie case. Thus, Defendant's claim of ineffective assistance of counsel should be pursued through a habeas corpus proceeding, pursuant to Rule 5-802 NMRA.

**{3}** With regard to his claim of prosecutorial misconduct, Defendant's memorandum makes clear that he is complaining of a statement made by the State during its opening statement. [MIO 2] That statement asserted that the victim's younger sister, who was then the same age as the victim was when Defendant "had started abusing her," still lived at home—presumably suggesting that she "may be a potential victim herself," and was therefore "an invitation for the jury to consider the consequences of its verdict." [MIO 2] Defendant did not object to this statement at trial. [Id.] Accordingly, he must demonstrate fundamental error on appeal. *See State v. Trujillo*, 2002-NMSC-005, ¶ 52, 131 N.M. 709, 42 P.3d 814 (providing that, when an issue of prosecutorial misconduct has not been preserved by a timely objection at trial, the appellate court has the discretion to review the claim on appeal for fundamental error).

**{4}** To qualify as fundamental error, prosecutorial action must have been "so egregious" and have "had such a persuasive and prejudicial effect on the jury's verdict that the defendant was deprived of a fair trial." *State v. Allen*, 2000-NMSC-002, ¶ 95, 128 N.M. 482, 994 P.2d 728 (internal quotation marks and citation omitted). "As with

any fundamental error inquiry, we will upset a jury verdict only (1) when guilt is so doubtful as to shock the conscience, or (2) when there has been an error in the process implicating the fundamental integrity of the judicial process." *State v. Sosa*, 2009-NMSC-056, ¶ 35, 147 N.M. 351, 223 P.3d 348.

**{5}** Defendant asserts that the sister's living arrangement had no relevance other than to suggest the possibility that the jury should convict Defendant in order to protect the sister. [MIO 2-3] Defendant also suggests, however, that the victim's credibility was a central issue at trial. [MIO 3] In that regard, we note that the victim, herself, testified that her decision to eventually contact law enforcement was influenced by concerns regarding her sister. [DS 6] Defendant does not challenge the admissibility of that testimony. Thus, it seems that facts related to the sister's living arrangement did have at least some relevance to questions involving the victim's motives and credibility.

**{6}** Ultimately, based upon the facts before us, we cannot conclude that the single remark in the State's opening statement, which was apparently not repeated or a pervasive part of the State's case, had such a persuasive and prejudicial effect that it deprived Defendant of a fair trial. *See Allen*, 2000-NMSC-002, ¶ 95 (noting that "[a]n isolated, minor impropriety ordinarily is not sufficient to warrant reversal, because a fair trial is not necessarily a perfect one" (internal quotation marks and citation omitted)).

**{7}** Accordingly, for the reasons stated here and in our notice of proposed summary disposition, we affirm the judgment of the district court.

**{8}** **IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**JENNIFER L. ATTREP, Judge**