This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO**,

Plaintiff-Appellee,

v.                                                                          **No. 34,665**

**JOSUE OROZCO**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**Freddie J. Romero, District Judge**

Hector Balderas, Attorney General
Santa Fe, NM

for Appellees

Jorge Alvarado, Chief Public Defender
Santa Fe, NM
J. K. Theodosia Johnson, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Chief Judge.**

{1} Defendant appeals his conviction for aggravated assault (deadly weapon). We issued a calendar notice proposing to affirm. Defendant has responded with a memorandum in opposition. We affirm.

{2} Defendant continues to challenge the sufficiency of the evidence to support his conviction for aggravated assault (deadly weapon). A sufficiency of the evidence review involves a two-step process. Initially, the evidence is viewed in the light most favorable to the verdict. Then the appellate court must make a legal determination of "whether the evidence viewed in this manner could justify a finding by any rational trier of fact that each element of the crime charged has been established beyond a reasonable doubt." *State v. Apodaca*, 1994-NMSC-121, ¶ 6, 118 N.M. 762, 887 P.2d 756 (internal quotation marks and citations omitted).

{3} In order to convict Defendant of aggravated assault (deadly weapon), the evidence had to show that he unlawfully assaulted the victim or struck him with a deadly weapon. *See* NMSA 1978, § 30-3-2(A) (1963). An assault includes a situation where any unlawful act, threat or menacing conduct causes another person to reasonably believe that he is in danger of receiving an immediate battery. *See* NMSA 1978, § 30-3-1(B) (1963).

{4} In this case Defendant had a bench trial. The district court found that Defendant entered the victim's house late at night and confronted him about alleged defamatory

statements. As he did so, Defendant pointed a loaded gun at the victim. Based on this evidence, we conclude that there was sufficient evidence to support Defendant's conviction.

**{5}** To the extent that Defendant's docketing statement attempted to raise a second issue, the issue has been abandoned. *See State v. Johnson*, 1988-NMCA-029, ¶ 8, 107 N.M. 356, 758 P.2d 306 (explaining that when a case is decided on the summary calendar, an issue is deemed abandoned when a party fails to respond to the proposed disposition of that issue).

**{6}** For the reasons set forth above, affirm.

**{7}** **IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Chief Judge**

**WE CONCUR:**

_____
**RODERICK T. KENNEDY, Judge**

_____
**J. MILES HANISEE, Judge**