This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v. **NO. 34,363**

**JOHNNY RAY VALLEJOS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Douglas R. Driggers, District Judge**

Hector H. Balderas, Attorney General
M. Victoria Wilson, Assistant Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
J.K. Theodosia Johnson, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

{1}    Defendant Johnny Ray Vallejos, a youthful offender, appeals from his judgment and sentence, entered pursuant to a guilty plea, convicting Defendant of: (1) second degree murder, (2) shooting at a dwelling or occupied building, (3) conspiracy to commit shooting at a dwelling or occupied building, and (4) tampering with evidence. [RP 250] Our second notice of proposed summary disposition proposed to reverse and remand based on (1) what appeared to be the district court's failure to request and obtain a report from Children, Youth and Families Department (CYFD), as provided for in NMSA 1978, Section 32A-2-17 (2009) and NMSA 1978, Section 32A-2-20 (2009), and (2) our conclusion that Defendant's convictions for second degree murder and shooting at a dwelling violate double jeopardy protections. Subsequently, in an effort to clarify whether the required report had been obtained and considered by the district court, we ordered the district court to supply an evaluation as supplemental record proper. We also ordered the State and Defendant to view that supplemental record proper and file written responses addressing the impact of the supplemental record proper on this Court's second proposed disposition. Having reviewed those responses along with all of the other filings in this case, we affirm in part, reverse in part, and remand for entry of an amended judgment and sentence.

**SUFFICIENCY OF THE EVIDENCE RELATIVE TO AMENABILITY**

**{2}** Our first notice proposed to reject Defendant's challenge to the sufficiency of the evidence relative to the district court's finding that he is not amenable to treatment as a juvenile. In his first response, Defendant did not specifically address this issue, and instead articulated a completely different issue relative to the amenability proceedings, which we address below. Because Defendant did not contest our proposed disposition relative to that issue, we do not address it further, as we deem it abandoned. *See State v. Johnson*, 1988-NMCA-029, ¶ 8, 107 N.M. 356, 758 P.2d 306 (providing that when a case is decided on the summary calendar, an issue is deemed abandoned when a party fails to respond to the proposed disposition of that issue).

**MOTION TO AMEND: AMENABILITY REPORT**

**{3}** Defendant argued in his partial memorandum in opposition that the district court's failure to request and obtain a report from CYFD, as provided for in Section 32A-2-17 and Section 32A-2-20, was an abuse of discretion that requires reversal. [DMIO 2-8] Because this was a different argument from that articulated in Defendant's docketing statement, we construed it as a motion to amend the docketing statement, which we granted. Based on Defendant's arguments and our review of the relevant statutes and case law, we issued a second notice of proposed disposition, proposing to reverse with respect to this issue. Specifically, Defendant directed our

attention to this Court's opinion in *State v. Jose S.*, 2007-NMCA-146, 142 N.M. 829, 171 P.3d 768, a case in which we held that Section 32A-2-17(A), requires a trial court to request a report from CYFD regarding a youthful offender's amenability prior to making an amenability determination. *Id.* ¶ 16. Defendant represented to the Court that the district court never requested the required report in his case and that the only report that was requested was a pre-sentence report from the Adult Probation and Parole Office. [DS 3; RP 221] Consistent with *Jose S.*, we therefore proposed to reverse Defendant's sentence and remand for new hearings on amenability and sentencing, after the district court had obtained and considered the report from CYFD. *Id.* ¶¶ 22-24; *accord State v. Gutierrez*, 2011-NMSC-024, ¶¶ 65-66, 150 N.M. 232, 258 P.3d 1024.

{4}     The State's response to our second proposed disposition pointed out that the record was not clear regarding whether the reports ordered by the district court were the required reports but conceded that if they were not, reversal and remand would be appropriate. [State's Res.7-9] In an effort to resolve this issue, this Court ordered the district court to supply an evaluation that the State suggested might be the required report. [State's Res. 8] We received that report on January 21, 2015, and both parties were ordered to file a written response with their respective positions on whether the report fulfills the requirements set forth in Section 32A-2-17, as discussed in *Jose S.*

4

**{5}** The State's response indicates that it would not be opposed to a remand to the extent clarification is necessary. However, Defendant concedes, and we agree, that the report on amenability completed by Dr. Ned Siegel pursuant to the parties' stipulation [RP 239, 241] meets the requirements set forth in Section 32A-2-17. Accordingly, we reject Defendant's challenge raised in his motion to amend.

**DOUBLE JEOPARDY**

**{6}** Lastly, we address Defendant's double jeopardy challenge relative to his convictions for second degree murder and shooting at a dwelling. [DS 5] Both of our notices of proposed disposition proposed to agree with Defendant that his convictions for second degree murder and shooting at a dwelling violate double jeopardy protections pursuant to *State v. Montoya*, 2013-NMSC-020, 306 P.3d 426. To remedy this violation, we proposed to vacate the conviction for shooting at a dwelling or occupied building, since Defendant was sentenced to nine years for that offense and sixteen years, including a one-year firearm enhancement, for the second degree murder conviction. *See id.* ¶ 55 ("[W]here one of two otherwise valid convictions must be vacated to avoid violation of double jeopardy protections, we must vacate the conviction carrying the shorter sentence."). The State concedes that there is a double jeopardy violation, [SMIO 3; Second SMIO 2-7] but it continues to suggests that this Court remedy the violation by "replacing Defendant's conviction for shooting at an

occupied dwelling resulting in death . . . with a conviction for shooting at an occupied dwelling not resulting in great bodily harm[.]" [SMIO 4] We remain unpersuaded by the State's arguments for the reasons set forth in both our first and second proposed summary dispositions. Accordingly, we vacate Defendant's conviction for shooting at a dwelling or occupied building and remand to the district court for entry of an amended judgment and sentence to reflect this decision.

{7}    To summarize, we affirm the district court with respect to Defendant's sufficiency challenge and his challenge premised on the alleged failure to obtain an amenability report from CYFD, and we vacate Defendant's conviction for shooting at a dwelling or occupied building and remand to the district court for entry of an amended judgment and sentence.

{8}    **IT IS SO ORDERED.**


_____

**JAMES J. WECHSLER, Judge**


**WE CONCUR:**


_____

**RODERICK T. KENNEDY, Judge**


_____

**LINDA M. VANZI, Judge**

6