This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO**,

Plaintiff-Appellee,

v.                                                                                          **No. 35,373**

**ESTEBAN ORTEGA a/k/a**
**FRANCISCO MANUEL LOPEZ**,

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Briana H. Zamora District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Law Office of Thomas Spaniolo
Thomas Spaniolo
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Chief Judge.**

{1}     Defendant Esteban Ortega a/k/a Francisco Manuel Lopez appeals from the district court's "Order Denying Petition Under Rules 5-304 and 1-060," entered on December 21, 2015. [DS 2; RP 185] We issued a notice of proposed summary disposition proposing to affirm. Defendant has filed a memorandum in opposition, which we have duly considered. Remaining unpersuaded, we affirm.

{2}     **Issues 2 through 7:** In our notice of proposed summary disposition, we considered Defendant's argument that the district court improperly weighed the evidence before it when it denied his petition to vacate and set aside his convictions. [CN 2-5] As we stated in our notice of proposed disposition, "[a] motion to withdraw a guilty plea is addressed to the sound discretion of the trial court, and we review the trial court's denial of such a motion only for abuse of discretion." *State v. Paredez*, 2004-NMSC-036, ¶ 5, 136 N.M. 533, 101 P.3d 799 (internal quotation marks and citation omitted). [CN 2] We further stated that we will not re-weigh the evidence on appeal. [CN 5] *See State v. Slade*, 2014-NMCA-088, ¶ 13, 331 P.3d 930 ("The appellate courts do not search for inferences supporting a contrary [ruling] or re-weigh the evidence because this type of analysis would substitute an appellate court's judgment for that of the [fact finder]." (internal quotation marks and citation omitted)); *State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the fact finder to resolve any conflict in the testimony of the

witnesses and to determine where the weight and credibility lay); *State v. Griffin*, 1993-NMSC-071, ¶ 17, 116 N.M. 689, 866 P.2d 1156 ("This court does not weigh the evidence and may not substitute its judgment for that of the fact finder so long as there is sufficient evidence to support the verdict." (internal quotation marks and citation omitted)).

{3}     As discussed in our calendar notice, during the evidentiary hearing, attorney Karlos Ulibarri testified that he had explained to Defendant the potential immigration consequences of pleading guilty to a controlled substance violation. [CN 3; *see also* DS 4-5] Having considered the evidence before it, the district court found, in relevant part, that Ulibarri communicated with Defendant in Spanish; Defendant reviewed the plea agreement with Defendant; Ulibarri advised Defendant "that he would be deported upon pleading guilty"; Ulibarri read the plea agreement to Defendant, including the paragraph stating that "'I have read and understand that being convicted may affect my immigration or naturalization status'"; during the plea colloquy, Ulibarri advised the district court that he had discussed the immigration consequences with Defendant; and, during the plea colloquy, the district court confirmed with Defendant that he understood the potential immigration consequences. [CN 3-4; *see also* RP 161-70, 186-88 FOF 20-33] Following the hearing, the district court

3

concluded that Defendant failed to establish that Ulibarri rendered ineffective assistance of counsel, and the district court entered a detailed order denying Defendant's petition. [CN 4; *see also* RP 185-92] We proposed to conclude that the district court did not err in denying Defendant's petition to vacate and set aside his convictions. [CN 4-5]

{4}     In his memorandum in opposition, Defendant does not point to any specific errors in fact or in law in our calendar notice. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). Instead, he continues to argue that the district court judge abused her discretion by believing "the rather specious assertions made by Ulibarri[.]" [MIO 6-7] He claims that it is "[a]mazing" that Ulibarri remembered Defendant's case from 2006 where there was no trial, but instead a plea agreement, and it is "[e]ven more amazing . . . that . . . Defendant agreed to enter a plea that would not only guarantee his deportation but would also be a permanent bar to ever re-entering the United States legally." [MIO 7] Given the "Draconian consequences of the plea agreement[,]" Defendant asserts that common sense dictates that Ulibarri's testimony is not credible, and Defendant asks this Court "to evaluate the trial court's holding in light of Ulibarri's non-credible testimony."

4

[MIO 7-8] As readily acknowledged by Defendant [MIO 6], however, we will not re-weigh the evidence on appeal. *See Slade*, 2014-NMCA-088, ¶ 13; *Salas*, 1999-NMCA-099, ¶ 13; *Griffin*, 1993-NMSC-071, ¶ 17. We therefore conclude that the district court did not err in denying Defendant's petition to vacate and set aside his convictions.

{5}	**Issue 1:** In his docketing statement, Defendant argued that the district court erred by following Rule 5-304 NMRA, governing pleas, and Rule 1-060 NMRA, which provides the procedure for seeking relief from a judgment or order. [DS 7] He asserted that the district court should have followed newly-enacted Rule 5-803 NMRA, which sets forth the procedure for petitions for post-sentence relief. [DS 7-8] In our notice of proposed disposition, we noted that Rule 5-803 was "[a]dopted by Supreme Court Order No. 14-8300-014" and is "effective for all cases filed on or after December 31, 2014." Rule 5-803 comm. cmt. [CN 6] We further stated that, because the present case was filed before December 31, 2014, we were not persuaded that the district court erred by failing to comply with this newly enacted rule that was not applicable to the present case. [CN 6] Defendant did not respond to this issue in his memorandum in opposition. Therefore, this issue is deemed abandoned. *See State v. Johnson*, 1988-NMCA-029, ¶ 8, 107 N.M. 356, 758 P.2d 306 (stating that when a case is decided on the summary calendar, an issue is deemed abandoned where a party fails

to respond to the proposed disposition of the issue).

{6}     Accordingly, for the reasons stated here and in our notice of proposed summary disposition, we affirm.

{7}     **IT IS SO ORDERED.**

_____
                                        **MICHAEL E. VIGIL, Chief Judge**

**WE CONCUR:**

_____
**LINDA M. VANZI, Judge**

_____
**J. MILES HANISEE, Judge**