This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**FRED MONTANO,**

Petitioner-Appellant,

v. No. 35,866

**BANK OF AMERICA, N.A.,**
**SUCCESSOR BY MERGER TO**
**BAC HOME LOAN SERVICING,**
**L.P., FKA COUNTRYWIDE HOME**
**LOANS, L.P., and FANNIE MAE,**

Respondents-Appellees,

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Clay Campbell, District Judge**

Fred Montano
Rio Rancho, NM

Pro Se Appellant

Weinstein & Riley, PS
Jason C. Bousliman
Albuquerque, NM

for Appellees

## MEMORANDUM OPINION

**ZAMORA, Judge.**

{1} Petitioner Fred Montano, a self-represented litigant, appeals from the district court's order granting Respondent Bank of America, N.A.'s motion to dismiss and dismissing the complaint with prejudice. In this Court's notice of proposed disposition, we proposed to summarily affirm. Appellant filed a memorandum in opposition (MIO), which we have duly considered. Remaining unpersuaded, we affirm the district court's order granting Respondent's motion to dismiss and dismissing the complaint with prejudice.

{2} In his docketing statement, Appellant raised four issues: the district court erred (1) by ignoring Appellant's rescission of the note and mortgage; (2) by ignoring the fact that Respondent did not prove it had the right to enforce the note, a burden established by the New Mexico Supreme Court; (3) because subject matter jurisdiction may be raised at any time and is not subject to doctrines of res judicata and collateral estoppel; and (4) in ruling that res judicata and collateral estoppel apply. [DS 5; *see also* DS 6, 10, 11] With regard to issues two through four, in our notice of proposed disposition, we proposed to conclude that the district court did not abuse its discretion in applying collateral estoppel and correctly applied res judicata to bar re-litigation of whether Respondent had standing to bring the prior case [CN 5], and that, accordingly, we need not address whether Respondent had the right to enforce the note, and whether it had standing to foreclose because these issues have already been

2

addressed and resolved in the prior case [CN 5–6; *see also, e.g.*, RP 59–72 (this Court's memorandum opinion in the prior case addressing, *inter alia*, standing)].

{3}     In his MIO, Appellant does not respond to our proposed disposition with regard to collateral estoppel and res judicata aside from simply contending that, although standing was raised in the prior case, that court granted summary judgment on the pleading without requiring Respondent to prove standing, so its judgment is void because it did not consider the issue. [MIO 3-4] In other words, Appellant essentially contends that, because the district court *erred* in determining that Respondent had standing, the preclusion doctrines do not apply. As Appellant cites no authority for this contention, we assume none exists. *See Curry v. Great Nw. Ins. Co.*, 2014-NMCA-031, ¶ 28, 320 P.3d 482 ("Where a party cites no authority to support an argument, we may assume no such authority exists."). Moreover, to the extent Appellant fails to actually address the merits of the collateral estoppel and res judicata arguments, we consider such issues abandoned. *See State v. Johnson*, 1988-NMCA-029, ¶ 8, 107 N.M. 356, 758 P.2d 306 (explaining that, when a case is decided on the summary calendar, an issue is deemed abandoned when a party fails to respond to the proposed disposition of that issue). Additionally, although Appellant does make additional standing and jurisdictional arguments, we do not address these issues because, as noted above and in our notice of proposed disposition, such arguments are

precluded from reconsideration by the doctrines of collateral estoppel and res judicata. [*See* CN 2-6]

**{4}** The only argument remaining is whether Appellant's attempted rescission of the note is valid. In our notice of proposed disposition, we noted that, although the district court did not expressly rule on this issue, we nonetheless proposed to affirm under the "right for any reason" doctrine. *See Cordova v. World Fin. Corp. of N.M.*, 2009-NMSC-021, ¶ 18, 146 N.M. 256, 208 P.3d 901 (stating that "it is established law that our appellate courts will affirm a district court's decision if it is right for any reason, so long as the circumstances do not make it unfair to the appellant to affirm"). [CN 6] We then proceeded to explain that the right to rescission expires three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first, and that, as such, in the present case, because the transaction consummated on May 7, 2003 [RP 28], the right to rescission expired on May 7, 2006. [CN 6-7] *See* 15 U.S.C. § 1635(a), (f) (2012); *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 415-19 (1998) (discussing the federal right to rescind and concluding that "the Act permits no federal right to rescind, defensively or otherwise, after the 3-year period of § 1635(f) has run").

**{5}** In his MIO, Appellant continues to argue that his right to rescission is absolute and complete upon his having mailed notice of such rescission to Respondent; that

4

this Court and the district court may not review such exercise of his right—notwithstanding the fact that Appellant brought the petition before the district court to enforce such rescission and appealed the district court's dismissal to this Court; and that there is no evidence that the transaction has consummated because the note is void since it was purportedly rescinded, a circular argument in which Appellant expends much focus on this Court's use of the word "appears." [*See* MIO 4-21] We first briefly address Appellant's argument regarding the date of consummation. [*See* MIO 4-5, 8] The transaction in the present case was consummated on May 7, 2003, as indicated by the executed note attached to Appellant's complaint. [RP 28-30] As the Code of Federal Regulations defines "consummation" as "the time that a consumer becomes contractually obligated on a credit transaction[,]" 12 C.F.R. § 226.2(a)(13) (2012), and as the borrower, Appellant's predecessor in interest [RP 8, 135, 176], became contractually obligated on the date she signed the promissory note, this is simply definitional. The note is evidence of consummation, and we are aware of no *evidence* in the record, and Appellant points us to no *evidence* in the record, that undermines this. Accordingly, as previously suggested, we now conclude that the transaction was consummated on May 7, 2003.

**{6}** Second, we address Appellant's argument that consummation *and* delivery of all required disclosures and their acceptance must occur before the three-year expiration of the right to rescind commences. [*See* MIO 5, 8] As noted by Appellant and as we stated in our calendar notice, 15 U.S.C. § 1635(f) (2012) states, in pertinent part, that

> [a]n obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first, *notwithstanding* the fact that the information and forms required under this section or any other disclosures required under this part have not been delivered to the obligor[.]

(Emphasis added.) [MIO 5] Appellant apparently misunderstands the meaning of the word "notwithstanding" in his argument that delivery of all disclosures and their acceptance are required before the three-year expiration period begins. [MIO 5] "Notwithstanding" means "despite" or "in spite of." *Black's Law Dictionary* 1231 (10th ed. 2014). Thus, Section 1635(f) in fact states that the right of rescission expires three years after consummation or upon the sale of the property, whichever occurs first, *despite* the fact that such disclosures have not been delivered. In other words, not only is it *not* a requirement that such disclosures be delivered before the three-year period begins to run, but the opposite is true—the three-year period begins to run even if such disclosures have not been delivered. *See id.*

**{7}** Finally, we address the bulk of Appellant's argument: that rescission is effective upon mailing of the notice of such rescission; that, absent a lawsuit by a lender disputing such rescission, it is an absolute right requiring or allowing no judicial review; and that the three-year period discussed in Section 1635(f) is not relevant to whether the rescission itself is effective. [*See* MIO 6–8, 9–13, 15–18, 19–21] The only law Appellant cites purportedly in support of his argument that the courts do not have jurisdiction to review the validity of rescission is *Jesinoski v. Countrywide Home Loans, Inc.*, ___ U.S. ___, 135 S. Ct. 790 (2015). *Jesinoski* neither states nor stands for the proposition that courts have no authority to review a petitioner's efforts to enforce a notice of rescission. *See generally id.* [*See* RP 8 (petition by Appellant seeking to enforce notice of rescission in the district court)] Indeed, such a conclusion is counter-logical. As Appellant cites no other authority, we assume none exists. *See Curry*, 2014-NMCA-031, ¶ 28. As such, we proceed to consider whether Appellant's rescission is effective upon mailing of his notice or whether the three-year expiration date bars such attempted rescission.

**{8}** As we explained in our calendar notice, although Section 1635(a) provides obligors with a right to rescind a transaction in certain circumstances, Section 1635(f) limits such right by stating that it "shall expire three years after the date of consumption of the transaction or upon the sale of the property, whichever occurs

7

first[.]" *See also Beach*, 523 U.S. at 415-19 (discussing the federal right to rescind and concluding that "the Act permits no federal right to rescind, defensively or otherwise, after the [three]-year period of [Section] 1635(f) has run"). [CN 6-7] Appellant contends that *Jesinoski* somehow overrides this limitation because it addresses *how* rescission is effective, not when. [*See* MIO 9, 15] However, *Jesinoski* expressly states that the "*conditional* right to rescind does not last forever. Even if a lender never makes the required disclosures, the right of rescission *shall expire three years after the date of consummation* of the transaction or upon the sale of the property, whichever comes first." 135 S. Ct. at 792 (citing Section 1635(f)). Thus, the United States Supreme Court made clear that, although Section 1635(f) does not change the fact that the borrower need not sue in order to effectuate the right—i.e., that the right is effective upon notice mailed—the right is *still conditioned* upon the three-year period set forth in Section 1635(f). *See Jesinoski*, 135 S. Ct. at 792 (stating that the right expires three years after the date of consummation of the transaction, that there is "no doubt that rescission is effected when the borrower notifies the creditor of his intention to rescind[,] . . . *so long as the borrower notifies within three years after the transaction is consummated*," and that Section 1635(f) "tells us *when* the right to rescind must be exercised" (first emphasis added)). *Jesinoski* clearly reiterates what Section 1635(f) and *Beach* have already made clear: the right to rescind only exists

for three years after the transaction has been consummated. *See Jesinoski*, 135 S. Ct at 792; *Beach*, 523 U.S. at 415-19; *see also* Section 1635(f). As the transaction in the present case commenced on May 7, 2003, the time within which Appellant or his predecessor in interest was permitted to exercise his or her right of rescission expired three years later, on May 7, 2006. Appellant's arguments to the contrary are unpersuasive. As Appellant had no right of rescission on January 18, 2011, when he attempted to exercise such right [RP 11], such attempt was invalid. Thus, Appellant's complaint was properly dismissed with prejudice.

{9}	Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm the district court's order granting Respondent's motion to dismiss and dismissing the complaint with prejudice.

{10}	**IT IS SO ORDERED.**

_____

**M. MONICA ZAMORA, Judge**

**WE CONCUR:**

_____

**LINDA M. VANZI, Chief Judge**

_____

**JAMES J. WECHSLER, Judge**