This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO**,

　　Plaintiff-Appellee,

v.　　　　　　　　　　　　　　　　　　　　**NO. 36,106**

**DAVID SUTTON**,

　　Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Charles W. Brown, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Steven J. Forsberg, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**ZAMORA, Judge.**

{1} Defendant has appealed from convictions for aggravated driving while under the influence (DWI) and failing to stop at a stop sign. We previously issued a notice of proposed summary disposition in which we proposed to uphold Defendant's convictions. Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

{2} In his docketing statement Defendant raised two issues, contending that the officer lacked reasonable suspicion to initiate the traffic stop, and arguing that the stop was pretextual. [DS 9] The memorandum in opposition, which is exclusively addressed to the authoritative scope of recent mistake-of-law jurisprudence, [MIO 1-2] appears to touch upon the former issue only. We limit the scope of our discussion accordingly. *See State v. Johnson*, 1988-NMCA-029, ¶ 8, 107 N.M. 356, 758 P.2d 306 (indicating that issues raised in the docketing statement but not renewed in the memorandum in opposition are deemed abandoned).

{3} As we observed in the notice of proposed summary disposition, the traffic stop was validly premised on the officer's observation of a traffic violation. To reiterate, the officer testified that he stopped Defendant's vehicle after observing it slow down but fail to stop at a stop sign positioned by the intersection of Oak Street and a freeway off ramp. [CN 2; RP 93-95, 99] The trial court clearly credited this testimony below, [RP 99] and Defendant does not dispute that his vehicle failed to stop, either at the sign or before entering the intersection. [MIO 1] In light of Defendant's

2

undisputed failure to stop before the point of confluence with the intersecting roadway, the officer's observations supplied a valid basis for the initiating of the traffic stop. *See* NMSA 1978, § 66-7-345(C) (2003) (providing that "every driver of a vehicle approaching a stop intersection indicated by a stop sign shall stop . . . at the point nearest the intersecting roadway before entering the intersection"); *see generally State v. Vandenberg*, 2003-NMSC-030, ¶ 21, 134 N.M. 566, 81 P.3d 19 (indicating that suspicion of traffic violation supplies justification for initiating a traffic stop); *contrast State v. Martinez*, 2015-NMCA-051, ¶¶ 12-14, 348 P.3d 1022 (holding that the defendant's alleged failure to stop at a stop sign did not supply a valid basis for a traffic stop, where the trial court did not find the officer to be credible, and where a video recording did not reflect that the defendant's vehicle had failed to stop before entering the intersection).

{4}     In his memorandum in opposition Defendant urges the Court to reassign this appeal to the general calendar for full briefing, based on his assertion that the New Mexico Constitution supplies greater protections relative to mistakes of law. [MIO 1-3] However, there is no question that the officer observed a violation of Section 66-7-345(C). As a result mistake of law is not an issue, under either the Federal or the State Constitution. *See generally State v. Gonzales*, 2011-NMSC-012, ¶ 2, 150 N.M. 74, 257 P.3d 894 (indicating that, when determining whether a traffic stop violates the

New Mexico Constitution, the courts must determine whether the real reason for the stop is supported by objective evidence of reasonable suspicion; if so, the stop is constitutional); *State v. Hubble*, 2009-NMSC-014, ¶ 22, 146 N.M. 70, 206 P.3d 579 ("A mistake of law is a mistake about the legal effect of a known fact or situation[.]" (internal quotation marks and citation omitted)). We therefore conclude that further inquiry is unnecessary.

{5}     Accordingly, for the reasons stated in our notice of proposed summary disposition and above, we affirm.

{6}     **IT IS SO ORDERED.**


_____
**M. MONICA ZAMORA, Judge**


**WE CONCUR:**


_____
**JAMES J. WECHSLER, Judge**


_____
**JONATHAN B. SUTIN, Judge**