This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                       **NO. A-1-CA-36274**

**JACKSON OREN GARDNER,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Karen L. Townsend, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Martha Anne Kelly, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
J.K. Theodosia Johnson, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**VIGIL, Judge.**

{1}      Defendant Jackson Oren Gardner appeals from an order of the district court revoking his probation and committing him to the New Mexico Department of Corrections. Initially, we issued a notice proposing to affirm on the merits of all Defendant's issues. Defendant filed a memorandum in opposition and a motion to amend the docketing statement. We issued a second notice that again proposed to affirm on the original issues, but on different grounds—that Defendant's first two issues articulate concerns relative to his underlying conviction and may not be raised in this revocation proceeding; they must be addressed in a habeas corpus petition; and they have no bearing on this appeal. In addition, our second notice granted the motion to amend to the extent it asserted that Defendant was not awarded the amount of presentence confinement credit to which he was entitled. Our second notice proposed to reverse in part and remand for a recalculation of the amount of presentence confinement credit that should be credited to Defendant, or, in the alternative, for a clarification explaining how the district court's calculations are correct.

{2}      Defendant filed a single-paged response to our second notice that entirely "relies upon the facts and arguments contained in his initial memorandum in opposition" for his original issues and agrees with our proposed reversal and remand for clarification or recalculation of his sentence. [2nd MIO 1] The State also filed a

single-paged response to our second notice that does not object to our proposed reversal and remand for recalculating presentence confinement credit. [State MIO 1]

{3}    Because neither party has come forward with any factual or legal argument to persuade us that the proposed analysis in our second notice was incorrect, we affirm in part and reverse and remand in part for the reasons stated in our second notice. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *see also State v. Johnson*, 1988-NMCA-029, ¶ 8, 107 N.M. 356, 758 P.2d 306 (stating that when a case is decided on the summary calendar, an issue is deemed abandoned when a party fails to respond to the proposed disposition of that issue).

{4}    For clarity on remand to the district court, below we restate the reasons for, and limited purpose of, reversal. Defendant argues that he was not given credit for the period from June 8, 2015 to September 4, 2015, or 89 days, during which it appears he was confined. [First MIO 5-6; RP 79-81] The amended order revoking probation does appear to omit this period of incarceration; it recites that Defendant will be given credit only for the period from February 4, 2015 to June 8, 2015, as well as the period from October 29, 2015 to December 16, 2016. [RP 238] However, the amended order is not clear because the mathematics do not add up. Defendant is sentenced to seven

3

years in the custody of the Department of Corrections, and then is given credit for the above two periods of time, which total approximately 17 ½ months. [Id.] Yet the balance of time to be served is stated as five years, one month, and fourteen days. [Id.] Subtracting 17 ½ months from seven years does not yield five years, one month, and fourteen days. Even if the 89 days are added to the credit, making the total credit approximately 20 ½ months, the numbers still do not add up, as seven years minus 20 ½ months does not equal five years, one month, and fourteen days. If, however, the total amount of credit given was actually the entire period from February 4, 2015, to December 16, 2016, a period of approximately 22 ½ months, the time left to be served would be approximately five years and one and one-half months, as stated in the amended order. Since the amended order on its face appears to omit the period claimed by Defendant, but may not do so in fact, and since we are unable to discern the basis for the amended order's calculation of the time remaining to be served, we granted the motion to amend to the extent it raised this issue and proposed to reverse.

{5}     We now reverse and remand for a recalculation of the amount of presentence confinement credit that should be credited to Defendant, or in the alternative a clarification explaining how the district court's calculations are correct, even though the recitation in the amended order does not appear to be correct. We affirm on Defendant's remaining issues based on the analysis in our second notice.

4

{6}    **IT IS SO ORDERED.**

_____

**MICHAEL E. VIGIL, Judge**

**WE CONCUR**

_____

**HENRY M. BOHNHOFF, Judge**

_____

**JENNIFER L. ATTREP, Judge**