This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO ex rel.
CHILDREN YOUTH AND FAMILIES
DEPARTMENT,**

     Petitioner-Appellee,

v.                                                            **No. A-1-CA-38041**

**LEANDRA B.,**

     Respondent-Appellant,

**and**

**ORLANDO O.,**

     Respondent,

**IN THE MATTER OF AHONESTY O.,**

     Child.

**APPEAL FROM THE DISTRICT COURT OF VALENCIA COUNTY
Allen R. Smith, District Judge**

Children, Youth & Families Department
Rebecca J. Liggett, Chief Children's Court Attorney
Santa Fe, NM
Kelly P. O'Neill, Assistant Children's Court Attorney
Albuquerque, NM

for Appellee

Law Offices of Jane B. Yohalem
Jane B. Yohalem
Santa Fe, NM

for Appellant

Law Offices of Nancy L. Simmons, P.C.
Nancy L. Simmons
Albuquerque, NM

for Respondent

Esteli C. Juarez
Albuquerque, NM

Guardian Ad Litem for Child

**MEMORANDUM OPINION**

**M. ZAMORA, Chief Judge.**

**{1}**     Respondent (Mother) appeals the district court's order terminating her parental rights. In this Court's notice of proposed disposition, we proposed to summarily affirm. Mother filed a memorandum in opposition (MIO), which we have duly considered. Remaining unpersuaded, we affirm.

**{2}**     In her memorandum in opposition, Mother continues to argue the evidence was inadequate to establish that the Children, Youth & Families Department (CYFD) made reasonable efforts to assist her in remedying the causes and conditions that brought Child into custody. [MIO 7-10] In our calendar notice, we discussed the reasonableness of CYFD's efforts in regard to housing and substance abuse; however, the memorandum in opposition only addresses CYFD's efforts surrounding Mother's substance abuse and, thus, we do not address CYFD's efforts in regard to housing. *See State v. Johnson*, 1988-NMCA-029, ¶ 8, 107 N.M. 356, 758 P.2d 306 (stating that when a case is decided on the summary calendar, an issue is deemed abandoned when a party fails to respond to the proposed disposition of that issue).

**{3}**     Regarding her substance abuse, Mother asserts the efforts were unreasonable because CYFD did not refer her to long-term residential treatment, which she claimed at the termination hearing is the only type of treatment that could alleviate her substance abuse. [MIO 2] Mother contends her position is supported by literature in the field, and claims CYFD's witnesses agreed long-term residential treatment *might* benefit Mother. [MIO 2, 6] However, Mother's position was not based on a professional recommendation concerning Mother's situation. [MIO 2] *Cf. State ex rel. Children, Youth & Families Dep't v. Brandy S.*, 2007-NMCA-135, ¶ 6, 142 N.M. 705, 168 P.3d 1129 (describing a situation where an expert witness recommended that a parent attend a long-term, residential substance abuse treatment program). As we explained in our calendar notice, CYFD is not required to do everything possible to assist a parent, and is additionally not required to make efforts subject to conditions imposed by the parent. [CN 5-6] In addition, Mother's participation in the substance abuse aspects of her treatment plan was sporadic. [CN 5; MIO 6] *See State ex rel. Children, Youth & Families Dep't v. Patricia H.*, 2002-NMCA-061, ¶ 23, 132 N.M. 299, 47 P.3d 859 ("What

constitutes reasonable efforts may vary with a number of factors, such as the level of cooperation demonstrated by the parent[.]"). To the extent Mother is inviting this Court to modify our prior case law regarding reasonable efforts by CYFD [MIO 9-10], we decline to do so.

**{4}** Finally, although Mother takes issue with CYFD's position that long-term residential treatment did not fit within CYFD's permanency timeline for Child [MIO 6], we note that both state and federal law impose timelines regarding establishing permanency for children. *See State ex rel. Children, Youth & Families Dep't v. Maria C.*, 2004-NMCA-083, ¶ 53, 136 N.M. 53, 94 P.3d 796 ("Under timelines imposed by state and federal law, parents do not have an unlimited period of time to be available for their children."); *Patricia H.*, 2002-NMCA-061, ¶ 26 (explaining that under federal law, "states are not required to make reunification efforts for an indefinite period of time").

**{5}** Mother has not otherwise asserted any facts, law, or argument in her memorandum in opposition that persuade this Court that our notice of proposed disposition was erroneous. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

**{6}** Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm the district court's order terminating Mother's parental rights.

**{7}** **IT IS SO ORDERED.**

**M. MONICA ZAMORA, Chief Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**MEGAN P. DUFFY, Judge**